**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROLYN BURTON** and **GERRY BURTON**, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| -vs- | ) ) | Case No.   09 CV 1100 |
| **MARRIOTT INTERNATIONAL, INC.**, | ) ) ) | Judge:  James B. Zagel |
| | ) ) | Magistrate:  Jeffrey Cole |
| Defendant. | ) ) | |
| **MARRIOTT INTERNATIONAL, INC.** | ) ) | |
| Third Party Plaintiff, | ) ) ) | |
| -vs- | ) ) | |
| **FORBES INDUSTRIES, INC.,** and **WINDSFORD CORPORATION** d/b/a **FORBES INDUSTRIES**, | ) ) ) ) ) | |
| Third Party Defendants. | ) ) | |

**THIRD PARTY COMPLAINT**

**NOW COMES** Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for its Third Party Complaint against **FORBES INDUSTRIES, INC.**, and the **WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES**, plead in the alternative and in addition to the denials contained in its Answer and Affirmative Defense, states the following:

**JURISDICTION AND VENUE**

1.     Plaintiffs, Carolyn Burton and Gerry Burton are citizens of the State of Indiana.

2.     Defendant/Third Party Plaintiff, Marriott International, Inc, is a citizen of the States of Delaware and Maryland.

3.     Pursuant to 28 U.S.C., Section 1441, et. seq., and based upon the diversity of citizenship of Plaintiffs from Defendant, this action was properly removed to Federal Court on or about February 20, 2009.

4.     Venue is proper in this judicial district in that the incident alleged to have occurred took place in Cook County, Illinois, which is within the confines of the Eastern Division of the Northern District of Illinois.   See 28 U.S.C. Section 1391(a) and 28 U.S.C. Section 93(a).

## ALLEGATIONS, TO ALL COUNTS

5.     Plaintiffs initiated the above captioned lawsuit by filing a Complaint at Law on or about January 23, 2009.  A copy of said Complaint at Law is attached hereto, labeled Exhibit "A", and incorporated herein by reference.

6.     The above captioned action was removed to this Honorable Court on or about February 20, 2009.

7.     On or about February 26, 2009, Marriott International, Inc. filed its Answer and Affirmative Defense to Plaintiffs' causes of action denying that it owned, operated, maintained, managed, and/or controlled the premises where the alleged in Plaintiffs' Complaint allegedly occurred.   A copy of Defendant's Answer and Affirmative Defense is attached hereto, labeled Exhibit "B", and incorporated herein by reference.[1]

---

[1] In its Amended Notice of Removal, Marriott International, Inc. disclosed that the manager of the subject property was actually Renaissance Hotel Management Company, LLC, not Marriott International, Inc.

8.     Plaintiff, Carolyn R. Burton, claims that her left shoe became stuck in a gap between the sections of pieces of wood which comprised the dance floor, causing her to fall and sustain injuries. See Exhibit "A".

9.     Gerry Burton claims to have suffered a loss of consortium as the result of his wife's fall and injuries. See Exhibit "A".

## COUNT I

10.     On and prior to the date of the incident alleged in Plaintiff's Complaint, Forbes Industries, Inc. designed, manufactured, sold, or otherwise distributed portable dance floors including the dance floor referenced in Plaintiffs' Complaint.

11.     Forbes Industries, Inc. owed a duty to exercise reasonable care and caution in this design, manufacture, sale and distribution of said dance floors, including the dance floor referenced in Plaintiffs' Complaint.

12.     While Defendant/Third Party Plaintiff, Marriott International, Inc., denies that it is liable for Plaintiff's injuries and damages and denies that Plaintiff's fall occurred in the manner claimed by Plaintiffs, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said dance floor, then Marriott International, Inc. is entitled to contribution from Forbes Industries, Inc. to the extent its negligent design, manufacture, sale, or distribution of the subject dance floor caused or contributed to cause Carolyn Burton's fall and subsequent injuries.

13.     In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from Forbes Industries, Inc. in an amount equal to its percentage

of fault which proximately contributed to cause the Plaintiffs' injuries and damages, all in accordance with the Illinois Joint Tortfeasor's Contribution Act.

**WHEREFORE**, Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, prays that judgment be entered in its favor and against Third Party Defendant, **FORBES INDUSTRIES, INC.**, in an amount equal to the sum which would represent the relative degree to which the fault of the Third Party Defendant proximately caused Plaintiffs' injuries and damages, plus costs of suit.

### COUNT II

14.    On and prior to the date of the incident alleged in Plaintiff's Complaint, The Windsford Corporation, d/b/a Forbes Industries, designed, manufactured, sold, or otherwise distributed portable dance floors including the dance floor referenced in Plaintiffs' Complaint.

15.    The Windsford Corporation, d/b/a Forbes Industries, owed a duty to exercise reasonable care and caution in this design, manufacture, sale and distribution of said dance floors, including the dance floor referenced in Plaintiffs' Complaint.

16.    While Defendant/Third Party Plaintiff, Marriott International, Inc., denies that it is liable for Plaintiff's injuries and damages and denies that Plaintiff's fall occurred in the manner claimed by Plaintiffs, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said dance floor, then Marriott International, Inc. is entitled to contribution from The Windsford Corporation, d/b/a Forbes Industries, to the extent its negligent design, manufacture, sale, or distribution

of the subject dance floor caused or contributed to cause Carolyn Burton's fall and subsequent injuries.

17.     In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from The Windsford Corporation, d/b/a Forbes Industries in an amount equal to its percentage of fault which proximately contributed to cause the Plaintiffs' injuries and damages, all in accordance with the Illinois Joint Tortfeasor's Contribution Act.

**WHEREFORE**, Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, prays that judgment be entered in its favor and against Third Party Defendant, the **WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES** in an amount equal to the sum which would represent the relative degree to which the fault of the Third Party Defendant proximately caused Plaintiffs' injuries and damages, plus costs of suit.

### COUNT III

18.     On and prior to the date of the incident alleged in Plaintiff's Complaint, Forbes Industries, Inc. designed, manufactured, sold, or otherwise distributed portable dance floors including the dance floor referenced in Plaintiffs' Complaint.

19.     Forbes Industries, Inc. owed a duty to design, manufacture, sell and distribute a dance floor which was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, marketed, advertised, distributed and sold.

20.     While Defendant/Third Party Plaintiff, Marriott International, Inc., denies that it is liable for Plaintiff's injuries and damages and denies that

5

Plaintiff's fall occurred in the manner claimed by Plaintiffs, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said dance floor, than Marriott International, Inc. is entitled to contribution from Forbes Industries, Inc. to the extent its design, manufacture, sale, or distribution of a defective dance floor caused or contributed to cause Carolyn Burton's fall and subsequent injuries.

21. In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from Forbes Industries, Inc. in an amount equal to its percentage of fault which proximately contributed to cause the Plaintiffs' injuries and damages, all in accordance with the Illinois Joint Tortfeasor's Contribution Act.

**WHEREFORE**, Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC**, prays that judgment be entered in its favor and against Third Party Defendant, **FORBES INDUSTRIES, INC.**, in an amount equal to the sum which would represent the relative degree to which the fault of the Third Party Defendant proximately caused Plaintiffs' injuries and damages, plus costs of suit.

## COUNT IV

22. On and prior to the date of the incident alleged in Plaintiff's Complaint, the WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES designed, manufactured, sold, or otherwise distributed portable dance floors including the dance floor referenced in Plaintiffs' Complaint.

23. The **WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES** owed a duty to design, manufacture, sell and distribute a dance floor which was

neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, marketed, advertised, distributed and sold.

24. While Defendant/Third Party Plaintiff, Marriott International, Inc., denies that it is liable for Plaintiff's injuries and damages and denies that Plaintiff's fall occurred in the manner claimed by Plaintiffs, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said dance floor, than Marriott International, Inc. is entitled to contribution from the WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES to the extent its design, manufacture, sale, or distribution of a defective dance floor caused or contributed to cause Carolyn Burton's fall and subsequent injuries.

21. In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from the WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES in an amount equal to its percentage of fault which proximately contributed to cause the Plaintiffs' injuries and damages, all in accordance with the Illinois Joint Tortfeasor's Contribution Act.

**WHEREFORE**, Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, prays that judgment be entered in its favor and against Third Party Defendant, the **WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES**, in an amount equal to the sum which would represent the relative degree to which the fault of the Third Party Defendant proximately caused Plaintiffs' injuries and damages, plus costs of suit.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: /s/ Robert M. Burke
       Robert M. Burke, one of the
       Attorneys for Marriott
       International, Inc.

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - LAW DIVISION

CAROLYN R. BURTON and GERRY )
BURTON, )
                          )
        Plaintiffs, )
                          )
v.                        )     No.
                          )
MARRIOTT INTERNATIONAL, INC. )
                          )
        Defendant. )

**2009L000898**
**CALENDAR/ROOM F**
**TIME 00:00**
**Premises Liability**

### PLAINTIFFS' COMPLAINT AT LAW

### COUNT I
### (Negligence - Premises Liability)

NOW COMES the Plaintiff CAROLYN R. BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, hereby complaining against Defendant MARRIOTT INTERNATIONAL, INC. (hereinafter referred to "Marriott"), pleading hypothetically and in the alternative, states as follows:

1.    On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

2.    On or about April 14, 2007, said premises was owned by Defendant Marriott.

3.    On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

4.    On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

5.    On or about April 14, 2007, and at all times material, Defendant Marriott was a corporation doing business in the City of Schaumburg, County of Cook, State of Illinois.

6.    On or about April 14, 2007, and at all times material, Defendant Marriott's premises



DEFENDANT'S
EXHIBIT
A

contained a ballroom and dance floor.

7. On or about April 14, 2007, and at all times material, Defendant Marriott rented out said ballroom for wedding receptions.

8. On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

9. On or about April 14, 2007, and at all times material, Defendant Marriott employed persons to inspect and maintain said dance floor in the ballroom.

10. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

11. On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

12. On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

14. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

15. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

16. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton went onto the aforementioned dance floor to dance.

17. On or about April 14, 2007, and at all times material, the heel of Plaintiff Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which comprised the

2

aforesaid dance floor.

18.    On or about April 14, 2007, and at all times material, Defendant Marriott, through its agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

19.    On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

20.    On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

21.    On or about April 14, 2007, Defendant Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a)    Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b)    Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c)    Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d)    Failing to warn the Plaintiff of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

22.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant Marriott, Plaintiff Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for

3

medical, nursing, caretaking and other expenses; has suffered lost earnings; and has been permanently and significantly disfigured and disabled.

WHEREFORE, Plaintiff CAROLYN R. BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, pray for judgment against Defendant MARRIOTT INTERNATIONAL, INC., by and through its employees and/or agents, for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, Law Division, which shall represent fair and just compensation.

**COUNT II**
**(Loss of Consortium)**

NOW COMES the Plaintiff GERRY BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, hereby complaining against Defendant MARRIOTT INTERNATIONAL, INC. (hereinafter referred to "Marriott"), pleading hypothetically and in the alternative, states as follows:

1.     On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

2.     On or about April 14, 2007, said premises was owned by Defendant Marriott.

3.     On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

4.     On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

5.     On or about April 14, 2007, and at all times material, Defendant Marriott was a corporation doing business in the City of Schaumburg, County of Cook, State of Illinois.

6.     On or about April 14, 2007, and at all times material, Defendant Marriott's premises

4

contained a ballroom and dance floor.

7.    On or about April 14, 2007, and at all times material, Defendant Marriott rented out said ballroom for wedding receptions.

8.    On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

9.    On or about April 14, 2007, and at all times material, Defendant Marriott employed persons to inspect and maintain said dance floor in the ballroom.

10.    On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

11.    On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

12.    On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

14.    On or about April 14, 2007, and at all times material, Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

15.    On or about April 14, 2007, and at all times material, Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

16.    On or about April 14, 2007, and at all times material, Carolyn Burton went onto the aforementioned dance floor to dance.

17.    On or about April 14, 2007, and at all times material, the heel of Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which comprised the aforesaid

5

dance floor.

18.     On or about April 14, 2007, and at all times material, Defendant Marriott, through its agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

19.     On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

20.     On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

21.     On or about April 14, 2007, Defendant Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a)     Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b)     Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c)     Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d)     Failing to warn Carolyn R. Burton of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

22.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant Marriott, Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for medical,

6

nursing, caretaking and other expenses; has suffered lost earnings; and has been permanently and

significantly disfigured and disabled.

23.     That at all times material, Plaintiff Gerry Burton was the lawfully wedded husband

of Carolyn Burton.

24.     As a proximate result of one or more of the foregoing negligent acts and/or

omissions, Plaintiff Gerry Burton has suffered a loss of the society, companionship, and support of

his wife, Carolyn Burton.

WHEREFORE, Plaintiff GERRY BURTON, by and through his attorneys, POWER

ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, pray for judgment

against Defendant MARRIOTT INTERNATIONAL, INC., by and through its employees and/or

agents, for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, Law

Division, which shall represent fair and just compensation.

POWER ROGERS & SMITH, P.C.

By: _____
        Attorney for Plaintiff

Joseph A. Power, Jr.
Sean M. Houlihan
POWER ROGERS & SMITH, P.C.
70 West Madison Street
Suite 5500
Chicago, IL 60602
(312) 236-9381
*Attorney #31444*

Lee C. Christie
CLINE FARRELL CHRISTIE LEE & CARESS
951 N. Delaware Street
Indianapolis, IN 46202

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CAROLYN BURTON and GERRY BURTON,      )
                                       )
                  Plaintiff,           )
                                       )
vs.                                    )      No. _____
                                       )
MARRIOTT INTERNATIONAL, INC.,          )
                                       )
                  Defendant.           )

## AFFIDAVIT

NOW comes Affiant, Sean M. Houlihan, and being first duly sworn on oath, deposes and states:

1.    That he is one of the attorneys representing plaintiff in the above cause of action.

2.    That he is familiar with the facts in the above cause.

3.    That he has reviewed the available information relating to the money damages in the above matter.

4.    That based upon information and belief, the total money damages sought in the above cause are worth in excess of Fifty Thousand Dollars ($50,000.00).

_____
Sean M. Houlihan

Subscribed and sworn to before me
this _____ day of _____, 2009

_____
Notary Public

"OFFICIAL SEAL"
KATHLEEN M PLATT
COMMISSION EXPIRES 05/03/10

Sean M. Houlihan
POWER ROGERS & SMITH #31444
70 W. Madison Street, Suite 5500
Chicago, IL 60602
312-236-9381
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CAROLYN BURTON and GERRY,    )
BURTON,    )
    )
    Plaintiffs,    )
    )
    )  Case No.  09 CV 1100
    -vs-    )
    )  Judge:  James B. Zagel
MARRIOTT INTERNATIONAL, INC.,    )
    )  Magistrate:  Jeffrey Cole
    Defendant.    )

### ANSWER TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant, **MARRIOTT INTERNATIONAL, INC.,** by and

through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD.,

and for its Answer to Plaintiffs' Complaint at Law, states the following:

### COUNT I
### [Negligence -- Premises Liability]

1.    On or about April 14, 2007, and at all times material, there

existed a building located on the premises commonly known as 1551 North

Thoreau Drive, Schaumburg, Illinois.

    **Answer:**    Marriott International, Inc. admits the allegations contained

in paragraph 1 of Count I of Plaintiffs' Complaint at Law.

2.    On or about April 14, 2007, said premises was owned by

Defendant, Marriott.

    **Answer:**    Marriott International, Inc. denies the allegations contained

in paragraph 2 of Count I of Plaintiffs' Complaint at Law.

3.    On or about April 14, 2007, and at all times material, said

premises was commonly known as the Renaissance Schaumburg Hotel &

Convention.



**Answer:**     Marriott International, Inc. admits that there was a hotel, commonly referred to as the Renaissance Schaumburg Hotel & Convention Center located at 1551 North Thoreau Drive, Schaumburg, Illinois on the date alleged.

4.     On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

**Answer:**     Marriott International, Inc. denies the allegations contained in paragraph 4 of Count I of Plaintiffs' Complaint at Law.

5.     On or about April 14, 2007, and at all times material, Defendant, Marriott was a corporation, doing business in the City of Schaumburg, County of Cook, State of Illinois.

**Answer:**     Marriott International, Inc. admits that it is a corporation but denies that it was doing business at the subject premises at the time and place alleged.

6.     On or about April 14, 2007, and at all times material, Defendant Marriott's premises contained a ballroom and dance floor.

**Answer:**     Marriott International, Inc. admits that there was a ballroom and dance floor at the premises at the time and place alleged, but denies that said ballroom or dance floor were upon premises, owned, operated, maintained, managed or controlled by it.

7.     On or about April 14, 2007, and at all times material, Defendant, Marriott rented out said ballroom for wedding receptions.

**Answer:**     Marriott International, Inc. denies the allegations contained in paragraph 7 of Count I of Plaintiffs' Complaint at Law.

2

8.   On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

**Answer:**   Based upon information and belief, Marriott International, Inc. admits the allegations contained in paragraph 8 of Count I of Plaintiffs' Complaint at Law.

9.   On or about April 14, 2007, and at all times material, Defendant, Marriott employed persons to inspect and maintain said dance floor in the ballroom.

**Answer:**   Marriott International, Inc. denies the allegations contained in paragraph 9 of Count I of Plaintiffs' Complaint at Law.

10.   On or about April 14, 2007, and at all times material, Defendant, Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

**Answer:**   Marriott International, Inc. denies the allegations contained in paragraph 10 of Count I of Plaintiffs' Complaint at Law.

11.   On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

**Answer:**   Based upon information and belief, Marriott International, Inc. admits that portions of said dance floor contained wood, but denies the remaining allegations contained in paragraph 11 of Count I of Plaintiffs' Complaint at Law.

12.   On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

3

**Answer:**    Marriott International, Inc. denies the allegations contained in paragraph 12 of Count I of Plaintiffs' Complaint at Law.

13.    There is no paragraph 13 alleged.

14.    On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

**Answer:**    Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 14 of Count I of Plaintiffs' Complaint at Law.

15.    On or about April 14, 2007, and at all times material, Plaintiff, Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

**Answer:**    Marriott International, Inc. had no intent regarding the use of the subject dance floor by Carolyn Burton, and therefore, denies said allegation.

16.    On or about April 14, 2007, and at all times material, Plaintiff, Carolyn Burton went onto the aforementioned dance floor to dance.

**Answer:**    Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 16 of Count I of Plaintiffs' Complaint at Law.

17.    On or about April 14, 2007, and at all times material, the heel of Plaintiff Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which compromised the aforesaid dance floor.

**Answer:**    Marriott International, Inc. denies the allegations contained in paragraph 17 of Count I of Plaintiffs' Complaint at Law.

18.   On or about April 14, 2007, and at all times material, Defendant, Marriott, through its agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

**Answer:**   Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

19.   On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

**Answer:**   Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

20.   On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agent and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

**Answer:**   Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

21.   On or about April 14, 2007, Defendant, Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

    (a)    Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

    (b)    Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c)    Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d)    Failing to warn the Plaintiff of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

**Answer**:    Marriott International, Inc. denies the allegations contained in paragraph 21 of Count I of Plaintiffs' Complaint at Law, including each and every allegation contained in subparagraphs (a) through (d) inclusive.

22.    As a direct and proximate result of one or more of the following negligent acts and/or omissions of the Defendant, Marriott, Plaintiff, Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for medical, nursing, caretaking and other expenses; has suffered loss earnings; and has been permanently and significantly disfigured and disabled.

**Answer**:    Marriott International, Inc. denies the allegations contained in paragraph 22 of Count I of Plaintiffs' Complaint at Law.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, denies that plaintiff is entitled to the relief sought or any relief whatsoever, and further prays that judgment and costs be entered in favor of Defendant and against the Plaintiff.

## COUNT II
## (Loss of Consortium)

1.    On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

**Answer:**     Marriott International, Inc. admits the allegations contained in paragraph 1 of Count II of Plaintiffs' Complaint at Law.

2.     On or about April 14, 2007, said premises was owned by Defendant, Marriott.

**Answer:**     Marriott International, Inc. denies the allegations contained in paragraph 2 of Count II of Plaintiffs' Complaint at Law.

3.     On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

**Answer:**     Marriott International, Inc. admits that there was a hotel, commonly referred to as the Renaissance Schaumburg Hotel & Convention Center located at 1551 North Thoreau Drive, Schaumburg, Illinois on the date alleged.

4.     On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

**Answer:**     Marriott International, Inc. denies the allegations contained in paragraph 4 of Count II of Plaintiffs' Complaint at Law.

5.     On or about April 14, 2007, and at all times material, Defendant, Marriott was a corporation, doing business in the City of Schaumburg, County of Cook, State of Illinois.

**Answer:**     Marriott International, Inc. admits that it is a corporation but denies that it was doing business at the subject premises at the time and place alleged.

6.     On or about April 14, 2007, and at all times material, Defendant Marriott's premises contained a ballroom and dance floor.

**Answer:**     Marriott International, Inc. admits that there was a ballroom and dance floor at the time and place alleged, but denies that said ballroom or dance floor were upon premises, owned, operated, maintained, managed or controlled by it.

7.     On or about April 14, 2007, and at all times material, Defendant, Marriott rented out said ballroom for wedding receptions.

**Answer:**     Marriott International, Inc. denies the allegations contained in paragraph 7 of Count II of Plaintiffs' Complaint at Law.

8.     On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

**Answer:**     Based upon information and belief, Marriott International, Inc. admits the allegations contained in paragraph 8 of Count II of Plaintiffs' Complaint at Law.

9.     On or about April 14, 2007, and at all times material, Defendant, Marriott employed persons to inspect and maintain said dance floor in the ballroom.

**Answer:**     Marriott International, Inc. denies the allegations contained in paragraph 9 of Count II of Plaintiffs' Complaint at Law.

10.     On or about April 14, 2007, and at all times material, Defendant, Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

**Answer:**     Marriott International, Inc. denies the allegations contained in paragraph 10 of Count II of Plaintiffs' Complaint at Law.

11.   On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

**Answer:**     Based upon information and belief, Marriott International, Inc. admits that portions of said dance floor contained wood, but denies the remaining allegations contained in paragraph 11 of Count II of Plaintiffs' Complaint at Law.

12.   On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

**Answer:**     Marriott International, Inc. denies the allegations contained in paragraph 12 of Count II of Plaintiffs' Complaint at Law.

13.   There is no paragraph 13 alleged.

14.   On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

**Answer:**     Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 14 of Count II of Plaintiffs' Complaint at Law.

15.   On or about April 14, 2007, and at all times material, Plaintiff, Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

**Answer:**   Marriott International, Inc. had no intent regarding the use of the subject dance floor by Carolyn Burton, and therefore, denies said allegation.

16.   On or about April 14, 2007, and at all times material, Plaintiff, Carolyn Burton went onto the aforementioned dance floor to dance.

**Answer:**   Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 16 of Count II of Plaintiffs' Complaint at Law.

17.   On or about April 14, 2007, and at all times material, the heel of Plaintiff Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which compromised the aforesaid dance floor.

**Answer:**   Marriott International, Inc. denies the allegations contained in paragraph 17 of Count II of Plaintiffs' Complaint at Law.

18.   On or about April 14, 2007, and at all times material, Defendant, Marriott, through its agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

**Answer:**   Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

19.   On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

**Answer:**    Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

20.    On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agent and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

**Answer:**    Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

21.    On or about April 14, 2007, Defendant, Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a)    Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b)    Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c)    Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d)    Failing to warn the Plaintiff of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

**Answer:**    Marriott International, Inc. denies the allegations contained in paragraph 21 of Count II of Plaintiffs' Complaint at Law, including each and every allegation contained in subparagraphs (a) through (d) inclusive.

22.    As a direct and proximate result of one or more of the following negligent acts and/or omissions of the Defendant, Marriott, Plaintiff, Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred

11

and will permanently in the future incur obligations for substantial sums of money for medical, nursing, caretaking and other expenses; has suffered loss earnings; and has been permanently and significantly disfigured and disabled.

**Answer:**   Marriott International, Inc. denies the allegations contained in paragraph 22 of Count II of Plaintiffs' Complaint at Law.

23.   That at all times material, Plaintiff, Gerry Burton was a lawfully wedded husband of Carolyn Burton.

**Answer:**   Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 23 of Count II of Plaintiffs' Complaint at Law.

24.   As a proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, Gerry Burton has suffered a loss of the society, companionship, and support of his wife, Carolyn Burton.

**Answer:**   Marriott International, Inc. denies the allegations contained in paragraph 24 of Count II of Plaintiffs' Complaint at Law.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, denies that plaintiff is entitled to the relief sought or any relief whatsoever, and further prays that judgment and costs be entered in favor of Defendant and against the Plaintiff.

## AFFIRMATIVE DEFENSE

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and in the alternative and in addition to its Answer to Plaintiffs' Complaint at Law, states that Plaintiff, **CAROLYN R. BURTON**, was careless and negligent in

one or more or all of the following respects, which proximately caused the injuries and damages of which she and **GERRY BURTON** complain:

(a)    Carelessly and negligently failed to maintain a proper lookout for her own safety;

(b)    Carelessly and negligently danced in such a fashion that the shoe she was wearing became entangled or caught in her dress, causing her to fall.

(c)    Was otherwise careless and negligent.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, prays for judgment and costs of suit in the event that **CAROLYN R. BURTON** is found to be more than fifty (50%) percent at fault for causing her own injuries and the damages of the Plaintiffs, or in the alternative, prays for a reduction of any damages awarded to the Plaintiffs in proportion to the percentage of Carolyn R. Burton's contributory fault.

Respectfully submitted,

JOHNSON & BELL, LTD.

By:   /s/Robert M. Burke
      Robert M. Burke, one of the
      Attorneys for Marriott
      International, Inc.

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347