**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAROLYN BURTON and GERRY BURTON, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Court No. 1:09-CV-1100 |
| MARRIOTT INTERNATIONAL, INC. | ) | Judge: James B. Zagel |
| Defendants. | ) | Magistrate: Jeffrey Cole |
| MARRIOTT INTERNATIONAL, INC. | ) | |
| Third-Party Plaintiff, | ) | |
| vs. | ) | |
| FORBES INDUSTRIES, INC., and WINSFORD CORPORATION d/b/a FORBES INDUSTRIES | ) | |
| Third-Party Defendants. | ) | |

**AGREED MOTION FOR LEAVE TO FILE ANSWER AND RESPONSIVE PLEADINGS TO MARRIOTT INTERNATIONAL'S THIRD-PARTY COMPLAINT**

Third-Party Defendants, FORBES INDUSTRIES, INC. and WINSFORD CORPORATION d/b/a FORBES INDUSTRIES, by and through its attorneys, Robert J. Kopka, and KOPKA, PINKUS, DOLIN & EADS, L.L.C., hereby move this Honorable Court to grant them leave to file their answer and responsive pleadings, attached as Exhibits 1-3, to Third-Party Plaintiff, MARRIOTT INTERNATIONAL, INC.'S Third-Party Complaint. Third-Party Defendants and Third-Party Plaintiff have previously agreed to extend Third-Party Defendants time to answer the third-party complaint.

Respectfully Submitted,

By: *s/Robert J. Kopka*
Robert J. Kopka
One of Their Attorneys

Robert J. Kopka (6183276)
KOPKA, PINKUS, DOLIN & EADS, L.L.C.
100 Lexington Drive, Suite 100
Buffalo Grove, IL 60089
(847) 549-9611/ Fax: (847) 549-9636

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CAROLYN BURTON and GERRY BURTON,

Plaintiffs,

vs.

MARRIOTT INTERNATIONAL, INC.

MARRIOTT INTERNATIONAL, INC.

Third-Party Plaintiff,

vs.

FORBES INDUSTRIES, INC., and WINSFORD CORPORATION d/b/a FORBES INDUSTRIES

Third-Party Defendants.

Court No. 1:09-CV-1100

**THIRD-PARTY DEFENDANT FORBES INDUSTRIES, INC. MOTION TO STRIKE COUNTS I AND III OF MARRIOTT INTERNATIONAL, INC.'S THIRD-PARTY COMPLAINT**

Third-Party Defendant, FORBES INDUSTRIES, INC. (herein after referred to as "Forbes"), by and through its attorneys, Robert J. Kopka, KOPKA, PINKUS, DOLIN & EADS, L.L.C., pursuant to Federal Rule of Civil Procedure 14(a)(4), hereby moves this Honorable Court to Strike Counts I and III of the Third-Party Complaint filed by Third-Plaintiff, MARRIOTT INTERNATIONAL, INC., and in support thereof states as follows:

**Background**

1. On or about January 23, 2009, Plaintiffs, Carolyn Burton and Gerry Burton, initiated the above-captioned lawsuit by filing a Complaint At Law, Docket No 2009 L 0898 in the

Circuit Court of Cook County, Illinois, Law Division. A copy of Plaintiffs' Complaint At Law is attached as Exhibit "A".

2. Plaintiffs are seeking damages for alleged injuries sustained at a wedding reception, where such injuries were allegedly caused by a trip-and-fall on a wooden dance floor at the Defendant's hotel.

3. Defendant/Third-Party Plaintiff ("Marriott") initiated the above-captioned Third-Party lawsuit on March 17, 2010. A copy of said Third-Party Complaint is attached as Exhibit "B".

4. The Third-Party Complaint identifies two third-party defendants, Forbes and Windsford Corporation d/b/a Forbes (herein "Windsford").

5. Forbes is merely a trade name for Windsford. As such, Forbes is not a separate legal entity capable of being sued. See Bauer v. Pounds, 762 A.2d 499, 503 (Conn. App. Ct. 2000) (holding "it appears well settled that the use of a fictitious or assumed business name does not create a separate legal entity and that the designation of d/b/a is merely descriptive of the person or corporation who does business under some other name.")'; see also Am. Express Travel Related Servs. Co. v. Berlye, 414 S.E.2d 499, 501 (Ga. Ct. App. 1991) (holding "the use of d/b/a or 'doing business as' to associate a tradename with the corporation using it does not create a legal entity separate from the corporation but is merely descriptive of the corporation.").

6. As Counts I and III are identical to Counts II and IV, other than the former are directed at Forbes and the latter at Windsford, Counts I and III should be stricken.

7. Federal Rule of Civil Procedure 14(a)(4) allows any party to move to strike a third-party claim.

WHEREFORE, Third-Party Defendant, FORBES INDUSTRIES, INC. requests that Counts I and III of the Third-Party Complaint be stricken pursuant to FRCP 14(a)(4) as they are directed at a non-existent entity.

Respectfully submitted,

THIRD-PARTY DEFENDANT FORBES INDUSTRIES, INC.

By: *s/Robert J. Kopka*
Robert J. Kopka

Robert J. Kopka, Esq. (IL 6183276)
KOPKA, PINKUS, DOLIN & EADS, L.L.C.
100 Lexington Drive, Suite 100
Buffalo Grove, Illinois 60089
(847) 549-9611
Fax: (847) 549-9636
Attorney No.: 6183276

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

| | | |
|---|---|---|
| CAROLYN R. BURTON and GERRY BURTON, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. |
| MARRIOTT INTERNATIONAL, INC. | ) | 2009L000898 CALENDAR/ROOM F TIME 00:00 Premises Liability |
| Defendant. | ) | |

**PLAINTIFFS' COMPLAINT AT LAW**

**COUNT I**
**(Negligence - Premises Liability)**

NOW COMES the Plaintiff CAROLYN R. BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, hereby complaining against Defendant MARRIOTT INTERNATIONAL, INC. (hereinafter referred to "Marriott"), pleading hypothetically and in the alternative, states as follows:

1. On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

2. On or about April 14, 2007, said premises was owned by Defendant Marriott.

3. On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

4. On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

5. On or about April 14, 2007, and at all times material, Defendant Marriott was a corporation doing business in the City of Schaumburg, County of Cook, State of Illinois.

6. On or about April 14, 2007, and at all times material, Defendant Marriott's premises



llroom and dance floor.

On or about April 14, 2007, and at all times material, Defendant Marriott rented out llroom for wedding receptions.

8. On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

9. On or about April 14, 2007, and at all times material, Defendant Marriott employed persons to inspect and maintain said dance floor in the ballroom.

10. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

11. On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

12. On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

14. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

15. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

16. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton went onto the aforementioned dance floor to dance.

17. On or about April 14, 2007, and at all times material, the heel of Plaintiff Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which comprised the

floor.

On or about April 14, 2007, and at all times material, Defendant Marriott, through ents and employees, had a duty to ensure that the wooden dance floor was maintained in a anner which did not pose a threat or hazard to invitees.

19. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

20. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

21. On or about April 14, 2007, Defendant Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a) Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b) Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c) Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d) Failing to warn the Plaintiff of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

22. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant Marriott, Plaintiff Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for

[medic]al, nursing, caretaking and other expenses; has suffered lost earnings; and has been [p]ermanently and significantly disfigured and disabled.

WHEREFORE, Plaintiff CAROLYN R. BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, pray for judgment against Defendant MARRIOTT INTERNATIONAL, INC., by and through its employees and/or agents, for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, Law Division, which shall represent fair and just compensation.

**COUNT II**
**(Loss of Consortium)**

NOW COMES the Plaintiff GERRY BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, hereby complaining against Defendant MARRIOTT INTERNATIONAL, INC. (hereinafter referred to "Marriott"), pleading hypothetically and in the alternative, states as follows:

1. On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

2. On or about April 14, 2007, said premises was owned by Defendant Marriott.

3. On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

4. On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

5. On or about April 14, 2007, and at all times material, Defendant Marriott was a corporation doing business in the City of Schaumburg, County of Cook, State of Illinois.

6. On or about April 14, 2007, and at all times material, Defendant Marriott's premises

contained a ballroom and dance floor.

7. On or about April 14, 2007, and at all times material, Defendant Marriott rented out said ballroom for wedding receptions.

8. On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

9. On or about April 14, 2007, and at all times material, Defendant Marriott employed persons to inspect and maintain said dance floor in the ballroom.

10. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

11. On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

12. On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

14. On or about April 14, 2007, and at all times material, Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

15. On or about April 14, 2007, and at all times material, Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

16. On or about April 14, 2007, and at all times material, Carolyn Burton went onto the aforementioned dance floor to dance.

17. On or about April 14, 2007, and at all times material, the heel of Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which comprised the aforesaid

On or about April 14, 2007, and at all times material, Defendant Marriott, through agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

19. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

20. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

21. On or about April 14, 2007, Defendant Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a) Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b) Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c) Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d) Failing to warn Carolyn R. Burton of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

22. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant Marriott, Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for medical,

nursing, caretaking and other expenses; has suffered lost earnings; and has been permanently and significantly disfigured and disabled.

23. That at all times material, Plaintiff Gerry Burton was the lawfully wedded husband of Carolyn Burton.

24. As a proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff Gerry Burton has suffered a loss of the society, companionship, and support of his wife, Carolyn Burton.

WHEREFORE, Plaintiff GERRY BURTON, by and through his attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, pray for judgment against Defendant MARRIOTT INTERNATIONAL, INC., by and through its employees and/or agents, for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, Law Division, which shall represent fair and just compensation.

**POWER ROGERS & SMITH, P.C.**

By: ______________________
Attorney for Plaintiff

Joseph A. Power, Jr.
Sean M. Houlihan
POWER ROGERS & SMITH, P.C.
70 West Madison Street
Suite 5500
Chicago, IL 60602
(312) 236-9381
*Attorney #31444*

Lee C. Christie
CLINE FARRELL CHRISTIE LEE & CARESS
951 N. Delaware Street
Indianapolis, IN 46202

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CAROLYN BURTON** and **GERRY BURTON**,<br><br>Plaintiffs,<br><br>-vs-<br><br>**MARRIOTT INTERNATIONAL, INC.**,<br><br>Defendant. | Case No. 09 CV 1100<br><br>Judge: James B. Zagel<br><br>Magistrate: Jeffrey Cole |
| **MARRIOTT INTERNATIONAL, INC.**<br><br>Third Party Plaintiff,<br><br>-vs-<br><br>**FORBES INDUSTRIES, INC.**, and **WINDSFORD CORPORATION** d/b/a **FORBES INDUSTRIES**,<br><br>Third Party Defendants. | |

**THIRD PARTY COMPLAINT**

**NOW COMES** Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for its Third Party Complaint against **FORBES INDUSTRIES, INC.**, and the **WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES**, plead in the alternative and in addition to the denials contained in its Answer and Affirmative Defense, states the following:

**JURISDICTION AND VENUE**

1. Plaintiffs, Carolyn Burton and Gerry Burton are citizens of the State of Indiana.



Case 1:09-cv-01100 Document 24 Filed 03/17/10 Page 2 of 29

2. Defendant/Third Party Plaintiff, Marriott International, Inc, is a citizen of the States of Delaware and Maryland.

3. Pursuant to 28 U.S.C., Section 1441, et. seq., and based upon the diversity of citizenship of Plaintiffs from Defendant, this action was properly removed to Federal Court on or about February 20, 2009.

4. Venue is proper in this judicial district in that the incident alleged to have occurred took place in Cook County, Illinois, which is within the confines of the Eastern Division of the Northern District of Illinois. See 28 U.S.C. Section 1391(a) and 28 U.S.C. Section 93(a).

**ALLEGATIONS, TO ALL COUNTS**

5. Plaintiffs initiated the above captioned lawsuit by filing a Complaint at Law on or about January 23, 2009. A copy of said Complaint at Law is attached hereto, labeled Exhibit "A", and incorporated herein by reference.

6. The above captioned action was removed to this Honorable Court on or about February 20, 2009.

7. On or about February 26, 2009, Marriott International, Inc. filed its Answer and Affirmative Defense to Plaintiffs' causes of action denying that it owned, operated, maintained, managed, and/or controlled the premises where the alleged in Plaintiffs' Complaint allegedly occurred. A copy of Defendant's Answer and Affirmative Defense is attached hereto, labeled Exhibit "B", and incorporated herein by reference.[1]

---

[1] In its Amended Notice of Removal, Marriott International, Inc. disclosed that the manager of the subject property was actually Renaissance Hotel Management Company, LLC, not Marriott International, Inc.

8. Plaintiff, Carolyn R. Burton, claims that her left shoe became stuck in a gap between the sections of pieces of wood which comprised the dance floor, causing her to fall and sustain injuries. See Exhibit "A".

9. Gerry Burton claims to have suffered a loss of consortium as the result of his wife's fall and injuries. See Exhibit "A".

**COUNT I**

10. On and prior to the date of the incident alleged in Plaintiff's Complaint, Forbes Industries, Inc. designed, manufactured, sold, or otherwise distributed portable dance floors including the dance floor referenced in Plaintiffs' Complaint.

11. Forbes Industries, Inc. owed a duty to exercise reasonable care and caution in this design, manufacture, sale and distribution of said dance floors, including the dance floor referenced in Plaintiffs' Complaint.

12. While Defendant/Third Party Plaintiff, Marriott International, Inc., denies that it is liable for Plaintiff's injuries and damages and denies that Plaintiff's fall occurred in the manner claimed by Plaintiffs, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said dance floor, then Marriott International, Inc. is entitled to contribution from Forbes Industries, Inc. to the extent its negligent design, manufacture, sale, or distribution of the subject dance floor caused or contributed to cause Carolyn Burton's fall and subsequent injuries.

13. In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from Forbes Industries, Inc. in an amount equal to its percentage

of fault which proximately contributed to cause the Plaintiffs' injuries and damages, all in accordance with the Illinois Joint Tortfeasor's Contribution Act.

**WHEREFORE,** Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, prays that judgment be entered in its favor and against Third Party Defendant, **FORBES INDUSTRIES, INC.**, in an amount equal to the sum which would represent the relative degree to which the fault of the Third Party Defendant proximately caused Plaintiffs' injuries and damages, plus costs of suit.

**COUNT II**

14. On and prior to the date of the incident alleged in Plaintiff's Complaint, The Windsford Corporation, d/b/a Forbes Industries, designed, manufactured, sold, or otherwise distributed portable dance floors including the dance floor referenced in Plaintiffs' Complaint.

15. The Windsford Corporation, d/b/a Forbes Industries, owed a duty to exercise reasonable care and caution in this design, manufacture, sale and distribution of said dance floors, including the dance floor referenced in Plaintiffs' Complaint.

16. While Defendant/Third Party Plaintiff, Marriott International, Inc., denies that it is liable for Plaintiff's injuries and damages and denies that Plaintiff's fall occurred in the manner claimed by Plaintiffs, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said dance floor, then Marriott International, Inc. is entitled to contribution from The Windsford Corporation, d/b/a Forbes Industries, to the extent its negligent design, manufacture, sale, or distribution

Case 1:09-cv-01100 Document 24 Filed 03/17/10 Page 5 of 29

of the subject dance floor caused or contributed to cause Carolyn Burton's fall and subsequent injuries.

17. In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from The Windsford Corporation, d/b/a Forbes Industries in an amount equal to its percentage of fault which proximately contributed to cause the Plaintiffs' injuries and damages, all in accordance with the Illinois Joint Tortfeasor's Contribution Act.

**WHEREFORE,** Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, prays that judgment be entered in its favor and against Third Party Defendant, the **WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES** in an amount equal to the sum which would represent the relative degree to which the fault of the Third Party Defendant proximately caused Plaintiffs' injuries and damages, plus costs of suit.

**COUNT III**

18. On and prior to the date of the incident alleged in Plaintiff's Complaint, Forbes Industries, Inc. designed, manufactured, sold, or otherwise distributed portable dance floors including the dance floor referenced in Plaintiffs' Complaint.

19. Forbes Industries, Inc. owed a duty to design, manufacture, sell and distribute a dance floor which was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, marketed, advertised, distributed and sold.

20. While Defendant/Third Party Plaintiff, Marriott International, Inc., denies that it is liable for Plaintiff's injuries and damages and denies that

Case 1:09-cv-01100 Document 24 Filed 03/17/10 Page 6 of 29

Plaintiff's fall occurred in the manner claimed by Plaintiffs, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said dance floor, than Marriott International, Inc. is entitled to contribution from Forbes Industries, Inc. to the extent its design, manufacture, sale, or distribution of a defective dance floor caused or contributed to cause Carolyn Burton's fall and subsequent injuries.

21. In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from Forbes Industries, Inc. in an amount equal to its percentage of fault which proximately contributed to cause the Plaintiffs' injuries and damages, all in accordance with the Illinois Joint Tortfeasor's Contribution Act.

**WHEREFORE**, Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC**, prays that judgment be entered in its favor and against Third Party Defendant, **FORBES INDUSTRIES, INC.**, in an amount equal to the sum which would represent the relative degree to which the fault of the Third Party Defendant proximately caused Plaintiffs' injuries and damages, plus costs of suit.

**COUNT IV**

22. On and prior to the date of the incident alleged in Plaintiff's Complaint, the WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES designed, manufactured, sold, or otherwise distributed portable dance floors including the dance floor referenced in Plaintiffs' Complaint.

23. The **WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES** owed a duty to design, manufacture, sell and distribute a dance floor which was

neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, marketed, advertised, distributed and sold.

24. While Defendant/Third Party Plaintiff, Marriott International, Inc., denies that it is liable for Plaintiff's injuries and damages and denies that Plaintiff's fall occurred in the manner claimed by Plaintiffs, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said dance floor, than Marriott International, Inc. is entitled to contribution from the WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES to the extent its design, manufacture, sale, or distribution of a defective dance floor caused or contributed to cause Carolyn Burton's fall and subsequent injuries.

21. In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from the WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES in an amount equal to its percentage of fault which proximately contributed to cause the Plaintiffs' injuries and damages, all in accordance with the Illinois Joint Tortfeasor's Contribution Act.

**WHEREFORE**, Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, prays that judgment be entered in its favor and against Third Party Defendant, the **WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES**, in an amount equal to the sum which would represent the relative degree to which the fault of the Third Party Defendant proximately caused Plaintiffs' injuries and damages, plus costs of suit.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: /s/ Robert M. Burke
Robert M. Burke, one of the
Attorneys for Marriott
International, Inc.

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

CLERK ... LAW DIVISION ... COURT

CAROLYN R. BURTON and GERRY BURTON,

Plaintiffs,

v.

MARRIOTT INTERNATIONAL, INC.

Defendant.

No.

2009L000898
CALENDAR/ROOM F
TIME 00:00
Premises Liability

PLAINTIFFS' COMPLAINT AT LAW

**COUNT I**
(Negligence - Premises Liability)

NOW COMES the Plaintiff CAROLYN R. BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, hereby complaining against Defendant MARRIOTT INTERNATIONAL, INC. (hereinafter referred to "Marriott"), pleading hypothetically and in the alternative, states as follows:

1. On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

2. On or about April 14, 2007, said premises was owned by Defendant Marriott.

3. On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

4. On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

5. On or about April 14, 2007, and at all times material, Defendant Marriott was a corporation doing business in the City of Schaumburg, County of Cook, State of Illinois.

6. On or about April 14, 2007, and at all times material, Defendant Marriott's premises



contained a ballroom and dance floor.

7. On or about April 14, 2007, and at all times material, Defendant Marriott rented out said ballroom for wedding receptions.

8. On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

9. On or about April 14, 2007, and at all times material, Defendant Marriott employed persons to inspect and maintain said dance floor in the ballroom.

10. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

11. On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

12. On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

14. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

15. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

16. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton went onto the aforementioned dance floor to dance.

17. On or about April 14, 2007, and at all times material, the heel of Plaintiff Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which comprised the

aforesaid dance floor.

18. On or about April 14, 2007, and at all times material, Defendant Marriott, through its agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

19. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

20. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

21. On or about April 14, 2007, Defendant Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a) Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b) Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c) Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d) Failing to warn the Plaintiff of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

22. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant Marriott, Plaintiff Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for

medical, nursing, caretaking and other expenses; has suffered lost earnings; and has been permanently and significantly disfigured and disabled.

WHEREFORE, Plaintiff CAROLYN R. BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, pray for judgment against Defendant MARRIOTT INTERNATIONAL, INC., by and through its employees and/or agents, for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, Law Division, which shall represent fair and just compensation.

**COUNT II**
**(Loss of Consortium)**

NOW COMES the Plaintiff GERRY BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, hereby complaining against Defendant MARRIOTT INTERNATIONAL, INC. (hereinafter referred to "Marriott"), pleading hypothetically and in the alternative, states as follows:

1. On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

2. On or about April 14, 2007, said premises was owned by Defendant Marriott.

3. On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

4. On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

5. On or about April 14, 2007, and at all times material, Defendant Marriott was a corporation doing business in the City of Schaumburg, County of Cook, State of Illinois.

6. On or about April 14, 2007, and at all times material, Defendant Marriott's premises

contained a ballroom and dance floor.

7. On or about April 14, 2007, and at all times material, Defendant Marriott rented out said ballroom for wedding receptions.

8. On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

9. On or about April 14, 2007, and at all times material, Defendant Marriott employed persons to inspect and maintain said dance floor in the ballroom.

10. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

11. On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

12. On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

14. On or about April 14, 2007, and at all times material, Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

15. On or about April 14, 2007, and at all times material, Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

16. On or about April 14, 2007, and at all times material, Carolyn Burton went onto the aforementioned dance floor to dance.

17. On or about April 14, 2007, and at all times material, the heel of Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which comprised the aforesaid

dance floor.

18. On or about April 14, 2007, and at all times material, Defendant Marriott, through its agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

19. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

20. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

21. On or about April 14, 2007, Defendant Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a) Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b) Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c) Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d) Failing to warn Carolyn R. Burton of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

22. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant Marriott, Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for medical,

nursing, caretaking and other expenses; has suffered lost earnings; and has been permanently and significantly disfigured and disabled.

23. That at all times material, Plaintiff Gerry Burton was the lawfully wedded husband of Carolyn Burton.

24. As a proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff Gerry Burton has suffered a loss of the society, companionship, and support of his wife, Carolyn Burton.

WHEREFORE, Plaintiff GERRY BURTON, by and through his attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, pray for judgment against Defendant MARRIOTT INTERNATIONAL, INC., by and through its employees and/or agents, for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, Law Division, which shall represent fair and just compensation.

POWER ROGERS & SMITH, P.C.

By: ____________________
Attorney for Plaintiff

Joseph A. Power, Jr.
Sean M. Houlihan
POWER ROGERS & SMITH, P.C.
70 West Madison Street
Suite 5500
Chicago, IL 60602
(312) 236-9381
*Attorney #31444*

Lee C. Christie
CLINE FARRELL CHRISTIE LEE & CARESS
951 N. Delaware Street
Indianapolis, IN 46202

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CAROLYN BURTON and GERRY BURTON,
Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC.,
Defendant.

No. ____________________

**AFFIDAVIT**

NOW comes Affiant, Sean M. Houlihan, and being first duly sworn on oath, deposes and states:

1. That he is one of the attorneys representing plaintiff in the above cause of action.

2. That he is familiar with the facts in the above cause.

3. That he has reviewed the available information relating to the money damages in the above matter.

4. That based upon information and belief, the total money damages sought in the above cause are worth in excess of Fifty Thousand Dollars ($50,000.00).

Sean M. Houlihan

Subscribed and sworn to before me this ___ day of ______, 2009

Notary Public

"OFFICIAL SEAL"
KATHLEEN M PLATT
COMMISSION EXPIRES 05/03/10

Sean M. Houlihan
POWER ROGERS & SMITH #31444
70 W. Madison Street, Suite 5500
Chicago, IL 60602
312-236-9381
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROLYN BURTON** and **GERRY, BURTON,** | ) | |
| Plaintiffs, | ) | |
| -vs- | ) | Case No. 09 CV 1100 |
| **MARRIOTT INTERNATIONAL, INC.,** | ) | Judge: James B. Zagel |
| | ) | Magistrate: Jeffrey Cole |
| Defendant. | ) | |

**ANSWER TO PLAINTIFFS' COMPLAINT**

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.,** by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for its Answer to Plaintiffs' Complaint at Law, states the following:

**COUNT I
(Negligence – Premises Liability)**

1. On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

**Answer:** Marriott International, Inc. admits the allegations contained in paragraph 1 of Count I of Plaintiffs' Complaint at Law.

2. On or about April 14, 2007, said premises was owned by Defendant, Marriott.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 2 of Count I of Plaintiffs' Complaint at Law.

3. On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.



**Answer:** Marriott International, Inc. admits that there was a hotel, commonly referred to as the Renaissance Schaumburg Hotel & Convention Center located at 1551 North Thoreau Drive, Schaumburg, Illinois on the date alleged.

4. On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 4 of Count I of Plaintiffs' Complaint at Law.

5. On or about April 14, 2007, and at all times material, Defendant, Marriott was a corporation, doing business in the City of Schaumburg, County of Cook, State of Illinois.

**Answer:** Marriott International, Inc. admits that it is a corporation but denies that it was doing business at the subject premises at the time and place alleged.

6. On or about April 14, 2007, and at all times material, Defendant Marriott's premises contained a ballroom and dance floor.

**Answer:** Marriott International, Inc. admits that there was a ballroom and dance floor at the premises at the time and place alleged, but denies that said ballroom or dance floor were upon premises, owned, operated, maintained, managed or controlled by it.

7. On or about April 14, 2007, and at all times material, Defendant, Marriott rented out said ballroom for wedding receptions.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 7 of Count I of Plaintiffs' Complaint at Law.

8. On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

**Answer:** Based upon information and belief, Marriott International, Inc. admits the allegations contained in paragraph 8 of Count I of Plaintiffs' Complaint at Law.

9. On or about April 14, 2007, and at all times material, Defendant, Marriott employed persons to inspect and maintain said dance floor in the ballroom.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 9 of Count I of Plaintiffs' Complaint at Law.

10. On or about April 14, 2007, and at all times material, Defendant, Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 10 of Count I of Plaintiffs' Complaint at Law.

11. On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

**Answer:** Based upon information and belief, Marriott International, Inc. admits that portions of said dance floor contained wood, but denies the remaining allegations contained in paragraph 11 of Count I of Plaintiffs' Complaint at Law.

12. On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.



**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 12 of Count I of Plaintiffs' Complaint at Law.

13.   There is no paragraph 13 alleged.

14.   On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

**Answer:** Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 14 of Count I of Plaintiffs' Complaint at Law.

15.   On or about April 14, 2007, and at all times material, Plaintiff, Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

**Answer:** Marriott International, Inc. had no intent regarding the use of the subject dance floor by Carolyn Burton, and therefore, denies said allegation.

16.   On or about April 14, 2007, and at all times material, Plaintiff, Carolyn Burton went onto the aforementioned dance floor to dance.

**Answer:** Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 16 of Count I of Plaintiffs' Complaint at Law.

17.   On or about April 14, 2007, and at all times material, the heel of Plaintiff Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which compromised the aforesaid dance floor.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 17 of Count I of Plaintiffs' Complaint at Law.

18. On or about April 14, 2007, and at all times material, Defendant, Marriott, through its agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

**Answer:** Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

19. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

**Answer:** Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

20. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agent and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

**Answer:** Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

21. On or about April 14, 2007, Defendant, Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a) Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b) Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c) Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d) Failing to warn the Plaintiff of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 21 of Count I of Plaintiffs' Complaint at Law, including each and every allegation contained in subparagraphs (a) through (d) inclusive.

22. As a direct and proximate result of one or more of the following negligent acts and/or omissions of the Defendant, Marriott, Plaintiff, Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for medical, nursing, caretaking and other expenses; has suffered loss earnings; and has been permanently and significantly disfigured and disabled.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 22 of Count I of Plaintiffs' Complaint at Law.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, denies that plaintiff is entitled to the relief sought or any relief whatsoever, and further prays that judgment and costs be entered in favor of Defendant and against the Plaintiff.

**COUNT II**
**(Loss of Consortium)**

1. On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.



**Answer:** Marriott International, Inc. admits the allegations contained in paragraph 1 of Count II of Plaintiffs' Complaint at Law.

2. On or about April 14, 2007, said premises was owned by Defendant, Marriott.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 2 of Count II of Plaintiffs' Complaint at Law.

3. On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

**Answer:** Marriott International, Inc. admits that there was a hotel, commonly referred to as the Renaissance Schaumburg Hotel & Convention Center located at 1551 North Thoreau Drive, Schaumburg, Illinois on the date alleged.

4. On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 4 of Count II of Plaintiffs' Complaint at Law.

5. On or about April 14, 2007, and at all times material, Defendant, Marriott was a corporation, doing business in the City of Schaumburg, County of Cook, State of Illinois.

**Answer:** Marriott International, Inc. admits that it is a corporation but denies that it was doing business at the subject premises at the time and place alleged.

6. On or about April 14, 2007, and at all times material, Defendant Marriott's premises contained a ballroom and dance floor.

**Answer:** Marriott International, Inc. admits that there was a ballroom and dance floor at the time and place alleged, but denies that said ballroom or dance floor were upon premises, owned, operated, maintained, managed or controlled by it.

7. On or about April 14, 2007, and at all times material, Defendant, Marriott rented out said ballroom for wedding receptions.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 7 of Count II of Plaintiffs' Complaint at Law.

8. On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

**Answer:** Based upon information and belief, Marriott International, Inc. admits the allegations contained in paragraph 8 of Count II of Plaintiffs' Complaint at Law.

9. On or about April 14, 2007, and at all times material, Defendant, Marriott employed persons to inspect and maintain said dance floor in the ballroom.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 9 of Count II of Plaintiffs' Complaint at Law.

10. On or about April 14, 2007, and at all times material, Defendant, Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 10 of Count II of Plaintiffs' Complaint at Law.

11. On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

**Answer:** Based upon information and belief, Marriott International, Inc. admits that portions of said dance floor contained wood, but denies the remaining allegations contained in paragraph 11 of Count II of Plaintiffs' Complaint at Law.

12. On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 12 of Count II of Plaintiffs' Complaint at Law.

13. There is no paragraph 13 alleged.

14. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

**Answer:** Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 14 of Count II of Plaintiffs' Complaint at Law.

15. On or about April 14, 2007, and at all times material, Plaintiff, Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

**Answer:** Marriott International, Inc. had no intent regarding the use of the subject dance floor by Carolyn Burton, and therefore, denies said allegation.

16. On or about April 14, 2007, and at all times material, Plaintiff, Carolyn Burton went onto the aforementioned dance floor to dance.

**Answer:** Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 16 of Count II of Plaintiffs' Complaint at Law.

17. On or about April 14, 2007, and at all times material, the heel of Plaintiff Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which compromised the aforesaid dance floor.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 17 of Count II of Plaintiffs' Complaint at Law.

18. On or about April 14, 2007, and at all times material, Defendant, Marriott, through its agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

**Answer:** Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

19. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

**Answer:** Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

20. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agent and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

**Answer:** Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

21. On or about April 14, 2007, Defendant, Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a) Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b) Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c) Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d) Failing to warn the Plaintiff of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 21 of Count II of Plaintiffs' Complaint at Law, including each and every allegation contained in subparagraphs (a) through (d) inclusive.

22. As a direct and proximate result of one or more of the following negligent acts and/or omissions of the Defendant, Marriott, Plaintiff, Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred

and will permanently in the future incur obligations for substantial sums of money for medical, nursing, caretaking and other expenses; has suffered loss earnings; and has been permanently and significantly disfigured and disabled.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 22 of Count II of Plaintiffs' Complaint at Law.

23. That at all times material, Plaintiff, Gerry Burton was a lawfully wedded husband of Carolyn Burton.

**Answer:** Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 23 of Count II of Plaintiffs' Complaint at Law.

24. As a proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, Gerry Burton has suffered a loss of the society, companionship, and support of his wife, Carolyn Burton.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 24 of Count II of Plaintiffs' Complaint at Law.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, denies that plaintiff is entitled to the relief sought or any relief whatsoever, and further prays that judgment and costs be entered in favor of Defendant and against the Plaintiff.

**AFFIRMATIVE DEFENSE**

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and in the alternative and in addition to its Answer to Plaintiffs' Complaint at Law, states that Plaintiff, **CAROLYN R. BURTON**, was careless and negligent in



one or more or all of the following respects, which proximately caused the injuries and damages of which she and **GERRY BURTON** complain:

(a) Carelessly and negligently failed to maintain a proper lookout for her own safety;

(b) Carelessly and negligently danced in such a fashion that the shoe she was wearing became entangled or caught in her dress, causing her to fall.

(c) Was otherwise careless and negligent.

**WHEREFORE,** Defendant, **MARRIOTT INTERNATIONAL, INC.**, prays for judgment and costs of suit in the event that **CAROLYN R. BURTON** is found to be more than fifty (50%) percent at fault for causing her own injuries and the damages of the Plaintiffs, or in the alternative, prays for a reduction of any damages awarded to the Plaintiffs in proportion to the percentage of Carolyn R. Burton's contributory fault.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: /s/Robert M. Burke
Robert M. Burke, one of the Attorneys for Marriott International, Inc.

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CAROLYN BURTON and GERRY BURTON,

Plaintiffs,

vs.

MARRIOTT INTERNATIONAL, INC.

---

MARRIOTT INTERNATIONAL, INC.

Third-Party Plaintiff,

vs.

FORBES INDUSTRIES, INC., and WINSFORD CORPORATION d/b/a FORBES INDUSTRIES

Third-Party Defendants.

Court No. 1:09-CV-1100

**THIRD-PARTY DEFENDANT WINSFORD CORPORATION d/b/a FORBES INDUSTRIES'S ANSWER TO COUNT IV OF MARRIOTT INTERNATIONAL, INC.'S THIRD-PARTY COMPLAINT**

Now comes Third-Party Defendant, WINSFORD CORPORATION d/b/a FORBES INDUSTRIES, (herein after referred to as "Winsford"), by and through its attorneys, Robert J. Kopka, KOPKA, PINKUS, DOLIN & EADS, L.L.C., and for its Answer to Count IV of the Third-Party Complaint filed by Third-Plaintiff, MARRIOTT INTERNATIONAL, INC. states as follows:

**JURISDICTION AND VENUE**

1. Winsford lacks sufficient information to form a belief as to the truth or falsity of this information and therefore neither admits or denies same, but demands strict proof thereof.

2. Winsford lacks sufficient information to form a belief as to the truth or falsity of this information and therefore neither admits or denies same, but demands strict proof thereof.

3. Winsford admits only that the Third-Party Plaintiff alleges jurisdiction pursuant to the cited statute.

4. Winsford admits only that the Third-Party Plaintiff alleges jurisdiction pursuant to the cited statute.

**ALLEGATIONS TO ALL COUNTS**

5. Winsford admits that Plaintiff initiated the above-captioned lawsuit by filing a Complaint at Law on or about January 23, 2009.

6. Winsford admits that the above-captioned action was removed to this Honorable Count on or about February 20, 2009.

7. Winsford admits only that Defendant/Third-Party Plaintiff, MARRIOTT INTERNATIONAL, INC. filed its Answer and Affirmative Defenses to Plaintiffs' causes of action, but makes no answer to the remaining allegations as they are not directed to the Winsford.

8. Winsford is without sufficient knowledge to either admit or deny the allegations contained in this paragraph, and therefore denies same.

9. Winsford is without sufficient knowledge to either admit or deny the allegations contained in this paragraph, and therefore denies same.

## COUNT I

10.   Winsford does not admit or deny the allegations contained in this paragraph, as they are responded to in a Motion to Dismiss that was filed simultaneously with this Answer.

11.   Winsford does not admit or deny the allegations contained in this paragraph, as they are responded to in a Motion to Dismiss that was filed simultaneously with this Answer.

12.   Winsford does not admit or deny the allegations contained in this paragraph, as they are responded to in a Motion to Dismiss that was filed simultaneously with this Answer.

13.   Winsford does not admit or deny the allegations contained in this paragraph, as they are responded to in a Motion to Dismiss that was filed simultaneously with this Answer.

## COUNT II

14.   Winsford does not admit or deny the allegations contained in this paragraph, as they are responded to in a Motion to Dismiss that was filed simultaneously with this Answer.

15.   Winsford does not admit or deny the allegations contained in this paragraph, as they are responded to in a Motion to Dismiss that was filed simultaneously with this Answer.

16.   Winsford does not admit or deny the allegations contained in this paragraph, as they are responded to in a Motion to Dismiss that was filed simultaneously with this Answer.

17.   Winsford does not admit or deny the allegations contained in this paragraph, as they are responded to in a Motion to Dismiss that was filed simultaneously with this Answer.

## COUNT III

18.   Winsford does not admit or deny the allegations contained in this paragraph, as they are responded to in a Motion to Dismiss that was filed simultaneously with this Answer.

19. Winsford does not admit or deny the allegations contained in this paragraph, as they are responded to in a Motion to Dismiss that was filed simultaneously with this Answer.

20. Winsford does not admit or deny the allegations contained in this paragraph, as they are responded to in a Motion to Dismiss that was filed simultaneously with this Answer.

21. Winsford does not admit or deny the allegations contained in this paragraph, as they are responded to in a Motion to Dismiss that was filed simultaneously with this Answer.

**COUNT IV**

22. Third-Party Defendants deny the allegations contain in this paragraph. Further answering, Windsor denies that it is the manufacturer of the subject wooden floor. Attached to this Answer as Exhibit 1 is the affidavit of Colin Vigdal, the Corporate Controller for Third-Party Defendant Winsford Corporation. Pursuant to 735 ILCS 5/2-621, the affidavit provides the correct identity of the manufacturer of the subject wooden floor.

23. Third-Party Defendants deny the allegations contain in this paragraph.

24. Third-Party Defendants deny the allegations contain in this paragraph.

25. Third-Party Defendants deny the allegations contain in this paragraph.

WHEREFORE, Third-Party Defendant, WINSFORD CORPORATION d/b/a FORBES INDUSTRIES, denies that Defendant/Third-Party Plaintiff, MARRIOTT INTERNATIONAL, INC. is entitled to judgment in any amount whatsoever, and further requests that this Honorable Count enter judgment in its favor and against the Defendant/Third-Party Plaintiff, plus costs of suit.

Respectfully submitted,

THIRD-PARTY          DEFENDANTS,          FORBES
INDUSTRIES,          INC.,          and          WINSFORD
CORPORATION d/b/a FORBES INDUSTRIES


By:      *s/Robert J. Kopka*
         Robert J. Kopka

Robert J. Kopka, Esq. (IL 6183276)
KOPKA, PINKUS, DOLIN & EADS, L.L.C.
100 Lexington Drive, Suite 100
Buffalo Grove, Illinois 60089
(847) 549-9611
Fax: (847) 549-9636
Attorney No.: 6183276

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CAROLYN BURTON and GERRY BURTON,

Plaintiffs,

vs.

MARRIOTT INTERNATIONAL, INC.

Defendants.

MARRIOT INTERNATIONAL, INC.

Third Party Plaintiff,

vs.

FORBES INDUSTRIES, INC., and WINSFORD CORPORATION d/b/a FORBES INDUSTRIES

Third Party Defendants.

Court No. 1:09-CV-1100

**AFFIDAVIT OF COLIN VIGDAL REGARDING IDENTITY OF PRODUCT MANUFACTURER**

NOW COMES Third-Party Defendant, Winsford Corporation d/b/a Forbes Industries, by its Corporate Controller, Colin Vigdal and in support of its Motion to Dismiss, submits the Affidavit of Colin Vigdal, as follows:

1. My name is Colin Vigdal. I am the Corporate Controller for the Winsford Corporation. I have held this position since September 9, 2008. I have been employed by the Winsford Corporation since September 9, 2008.

2. The relationship between the Winsford Corporation and Forbes Industries is Forbes Industries is a DBA, of the legal entity The Winsford Corporation.

3. On or about May 4, 2006, Forbes entered into a Purchase Order (Purchase Order #54775186) with Higgins Purchasing Group, to sell and deliver a 27' x 27' Brown Mahagony Dance Floor to the Renaissance Hotel in Schaumburg, Illinois. A copy of the Purchase Order is attached as Exhibit A.

4. On or about May 4, 2006, Forbes received the Purchase Order under cover of a Memorandum, a copy of which is attached as Exhibit B.

5. Forbes purchased the dance floor referenced in the Plaintiff's Complaint of Law from Barter International, 8422 N.W. 66th Street, Miami, Florida 33166, pursuant to Purchase Order #121291 dated March 2, 2006, a copy of which is attached as Exhibit C. (The pricing information has been redacted to protect Forbes' trade information.)

6. Forbes invoiced Higgins Purchasing Group, on behalf of its principal, Marriott Corporation, on or about May 18, 2006, pursuant to Invoice #175295, a copy of which is attached as Exhibit D.

7. The flooring was manufactured by Grupo Acme, America Super Trader Ltda. A. Henry Ford 424, Modea Sau Paulo, S.P. 08109-000. A copy of the Acme packing list relating to Purchase Order #121291 is attached as Exhibit E.

8. A copy of Acme's Commercial Invoice (with pricing information redacted to protect trade information) is attached as Exhibit F.

9. Neither Winsford nor Forbes exercised any control over the manufacture of the dance floor, nor provided instructions or warnings to the manufacturer relative to the alleged defect in the product.

10. Neither Winsford nor Forbes had actual knowledge of the alleged defect that allegedly caused the injury.

11. Neither Winsford nor Forbes created or caused the alleged defect in the dance floor.

Respectfully submitted,

[signature]

Colin Vigdal
WINSFORD CORPORATION

Subscribed and sworn before me this ________ day of ______________, 2010.

ELIZABETH NAVARRO
Commission # 1869924
Notary Public - California

See Attached

______________________________
Notary Public

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**

State of California

County of San Bernardino } ss.

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

Signature of Document Signer No. 1

Signature of Document Signer No. 2 (if any)

Subscribed and sworn to (or affirmed) before me on this 7th (Date) day of May (Month), 2010 (Year), by

(1) Colin Vigdal (Name of Signer)

☐ Personally known to me
☒ Proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) ______ (Name of Signer)

☐ Personally known to me
☐ Proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

ELIZABETH NAVARRO
Commission # 1869924
Notary Public - California
San Bernardino County
My Comm. Expires Oct 31, 2013

Signature of Notary Public

Place Notary Seal Above

OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

Further Description of Any Attached Document

Title or Type of Document: Affidavit of Colin Vigdal Regarding Identity of Product Manufacturer

Document Date: May 7, 2010 Number of Pages: 2

Signer(s) Other Than Named Above ______

RIGHT THUMBPRINT OF SIGNER #1
Top of thumb here

RIGHT THUMBPRINT OF SIGNER #2
Top of thumb here

©2004 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org Item #5910 Reorder: Call Toll-Free 1-800-876-6827

**HIGGINS PURCHASING GROUP**

**PURCHASE ORDER AS AGENT ONLY**

| Category | *Job No. | *Purchase Order No. |
|---|---|---|
| 03 | 5477 | 54775186 |

*Job & PO No. must appear on all Correspondence Invoices & Packages

| | |
|---|---|
| Date of Order: 05-04-06 | |
| Ship Via: Ground Freight | Freight: Pre-Pay and Add |
| Terms: Net 30 | Delivery Date: 06-02-06 |

NOTE: All Instructions Must Be Followed or Merchandise Will Not Be Accepted:
1. This order must be acknowledged by executing and returning the blue copy and returning the blue copy within 14 days of receipt. Definite shipping date must be stated with acknowledgment.
2. Do not fill order at higher price than stated on purchase order.
3. All deliveries must be accompanied by packing slip. Packing slip to be attached to outside of carton or carton containing packing slip to be clearly marked on the outside.
4. Show quantity, description, and this purchase order number on all packages.
5. This order subject to vendor's compliance applicable sales tax law, and such prices are in addition to purchase prices.
6. All shipping charges are to be prepaid by vendor and added to invoice unless otherwise indicated.
7. To insure prompt payment, mail invoice showing purchase order number with bill of lading to customer (As specified in "bill to" address above) immediately after shipment is made.
8. This order is subject to all terms and conditions hereon and on the reverse hereof.

VENDOR
**Forbes Industries**
1933 E. Locust St.
Ontario, CA 91761
USA **ATTN:** Mike Hewitt
**T:** 909-923-4559 **F:** 909-923-1969

BILL TO
**Village of Schaumburg**
**C/O Higgins Purchasing Group**
3490 Piedmont Rd., NE.
Suite 825
Atlanta, GA 30305
USA **ATTN:** Anthony Peoples
**T:** 404-814-9160 **F:** 404-814-9263

SHIP TO
**Renaissance Hotel Schaumburg**
C/o Boyer-Rosene Moving & Storage
1150 A North Swift Rd
Addison, IL60101
USA **ATTN:** Jennifer Sturch
**T:** 847-593-8700 **F:**

| Qty | Item | Description | Area | Unit Cost | Extended |
|---|---|---|---|---|---|
| 4 | BQE0915.1 | Dance Floor | Banquets | 10,800.00 | 43,200.00 |

EA *Side Mark:* **Schaumburg Ctr.**
**HPG ITEM NO: BQE0915.1**
**Dance Floor**
**PO NO: 54775186**

```
Mfg:     Dance Floor
Mfg#:    4233-BMH-S
Size:    27' x 27'
Finish:  Brown Mahogany
Trim:    Silver
Notes1:  81 panels, 4sets of corner trim, 24 pieces of flat trim
Notes2:  Two Keys
```

| Qty | Item | Description | Area | Unit Cost | Extended |
|---|---|---|---|---|---|
| 4 | BQE0918.1 | Transport Cart | Banquets | 340.00 | 1,360.00 |

EA *Side Mark:* **Schaumburg Ctr.**
**HPG ITEM NO: BQE0918.1**
**Transport Cart**
**PO NO: 54775186**

```
Mfg:     Transport Cart
Mfg#:    4280
Notes1:  20 panel capacity
```

PO Notes: G02 Under no circumstances is vendor allowed to ship freight collect.

G03 All items must be contract quality and be suitable for contract use.

G04 All items on this purchase order are to be guaranteed free from manufacturing and material defects for at least one year.

EXHIBIT
A

G05 Manufacturer must adhere to approved design specifications.

G15 Vendor must submit an invoice requesting the necessary deposit or proforma payment, per the terms noted on the purchase order, prior to being paid. Vendor will not be paid unless an invoice is submitted in a timely fashion prior to shipping. Invoice must be on vendor letterhead to be considered authentic and faxed to Higgins Purchasing Group at (404) 814-9263.

S01 A packing slip must accompany all shipments and be visible to receiving personnel. Missing packing slips may result in refused items.

S03 All cartons/items in this order must be side-marked with the appropriate item numbers and descriptions as indicated above.

**TOTAL COST OF THIS ORDER: 44,560.00**

***Under no circumstances is seller to ship freight collect unless authorized by agent***

This purchase order is prepared by HIGGINS PURCHASING GROUP (called Agent), as Agent only for the Customer (as specified in 'Bill To' above) and this purchase order is solely for account thereof or hereunder, and makes no representations otherwise to Vendor.

Accepted By Vendor: Shipping Date:

Company Name Signature (Title) Date

PURCHASE ORDER ISSUED BY:

Agent

APPROVED:

Client

Designer



**HIGGINS PURCHASING GROUP**

3490 Piedmont Rd., NE.
Atlanta, GA 30305
Phone: 404-814-9160 – x 224
Fax: 404-814-9263
Email: apeoples@higginspurchasing.com

| | | | |
|---|---|---|---|
| **To:** | Mike Hewitt / Kelly Hickman | **From:** | Anthony L. Peoples |
| **Company:** | Forbes | **Date:** | 05/04/06 |
| **Fax:** | 909-930-2707 | **Pages:** | 4 |
| **Phone:** | 909-923-4559 | **CC:** | |
| **Re:** | P.O. #54775186 | | |

Dear Mike:

Following this brief cover is the purchase order noted above. Please review this purchase order to confirm model numbers, descriptions, pricing, and delivery sate. Call as soon as possible if further information is required.

Please sign the attached PO and fax a copy back to my attention to confirm receipt.

Please note that this PO is Net 30 therefore fax and mail the invoice as soon as possible in order expedite the accounting process in a timely manner. Please fax a copy of the invoice showing merchandise, freight, tax (if applicable, and any additional charges.

**We are looking at a delivery date prior to the last week in May/ First week in June.**

Thank you in advance for your response.

Sincerely,
*Anthony Peoples*

Project Manager
Higgins Purchasing Group

EXHIBIT
B

**FORBES™ Industries**

# Purchase Order

| NUMBER | DATE | PAGE |
|---|---|---|
| 121291 | 03/02/06 | 1 |

No

**VENDOR:**
BARTER INTERNATIONAL
8422 NW 66TH STREET
MIAMI, FL.

**DELIVER TO:**
BARTER INTERNATIONAL
8422 NW 66TH STREET
MAIMI, FL. 33166

Fax:

| BUYER | DATE REQ. | CONTACT/PHONE | CUST REF: | PICKED UP BY: |
|---|---|---|---|---|
| 1 | 05/02/06 | / | | |

| PAYMENT TERMS | SHIP VIA | F.O.B. |
|---|---|---|
| SEE NOTE ON PO | OCEAN FRT | |

| ORD QTY | REC QTY | STOCK CODE / DUE DATE | U.O.M | GL | UNIT PRICE | GROSS AMT |
|---|---|---|---|---|---|---|
| 244 | 0 244 ✓ | 4290-BMH 05/02/06 FLOOR PANEL - BROWN MAHOGANY 2 PER BOX | EA | 1300 | | |
| 244 | 0 244 ✓ | 4290-MAP 05/02/06 FLOOR PANEL - MAPLE 2 PER BOX | EA | 1300 | | |
| 244 | 0 244 ✓ | 4290-CHY 05/02/06 FLOOR PANEL - CHERRY TWO PER BOX | EA | 1300 | | |
| 60 | 0 60 | 4294-G 05/02/06 CORNER TRIM SET, ANODIZED ALUM GOLD | EA | 1300 | | |
| 12 | 0 12 | 4294-S 05/02/06 CORNER TRIM SET, ANODIZED ALUM SILVER | EA | 1300 | | |
| 240 | 0 240 ✓ | 4293-G 05/02/06 FLAT TRIM, ANODIZED ALUMINUM FOUR PER BOX | EA | 1300 | | |
| 10 | 0 10 ✓ | 4280 05/02/06 TRANSPORT CART FOR DANCE FLOOR - 1 PER BOX | EA | 1300 | | |
| 30 | 0 30 ✓ | 4298 05/02/06 CAM-LOCK KEY - REPLACEMENT 2 PER BOX | EA | 1300 | | |

ORIGIN: BRAZIL
DELIVERY: TO SHIP FROM BRASIL ON 3/31/06 AND DELIVER TO MIAMI APPROX MAY 2,2006

PAYMENT: 30% ORDER, 30% ON SHIP DATE, 40%

RECEIVED
MAY 2006
By
EXHIBIT
C

FORBES™ Industries

# Purchase Order

| NUMBER | DATE | PAGE |
| --- | --- | --- |
| 121291 | 03/02/06 | 2 |

No

VENDOR:
BARTER INTERNATIONAL
8422 NW 66TH STREET
MIAMI, FL.

DELIVER TO:
BARTER INTERNATIONAL
8422 NW 66TH STREET
MAIMI, FL. 33166

Fax:

| BUYER | DATE REQ. | CONTACT/PHONE | CUST REF: | PICKED UP BY: |
| --- | --- | --- | --- | --- |
| 1 | 05/02/06 | / | | |

| PAYMENT TERMS | SHIP VIA | F.O.B. |
| --- | --- | --- |
| SEE NOTE ON PO | OCEAN FRT | |

| ORD QTY | REC QTY | STOCK CODE / -DUE DATE | U.O.M | GL | UNIT PRICE | GROSS AMT |
| --- | --- | --- | --- | --- | --- | --- |

UPON RECEIPT IN MIAMI

ORDER PER TIM SWEETLAND

| | |
| --- | --- |
| *Subtotal:* | |
| *Taxable:* | 0.00 |
| *Sales Tax:* | 0.00 |
| *Misc. Charges* | 0.00 |
| *TOTAL$:* | |

NOTE: If delivery time and/or date is not met, penalties may be charged.

CONTACT FORBES INDUSTRIES IF YOU HAVE ANY QUESTIONS
PH: 909-923-4559 FAX: 909-923-2179

RECEIVING HOURS FROM 7:00 A.M. TO 4:00 P.M.

PURCHASING APPROVAL [signature] DATE 03/02/06

G

# FORBES™ Industries

1933 East Locust Street * Ontario, California 91761
Phone: (909) 923-4559 * Fax: (909) 923-1969
E-Mail: sales@forbesindustries.com

| YOUR P.O. NUMBER | INVOICE NUMBER |
|---|---|
| 54775186 | 175295 |
| **ORDER DATE** | **INVOICE DATE** |
| 05/04/06 | 05/18/06 |

INVOICE

Pg: 1

**SOLD TO**

VILLAGE OF SCHAUMBURG
C/O HIGGINS PURCHASING GROUP
3490 PIEDMONT RD.,NE
SUITE 825
ATLANTA, GA 30305-

**SHIP TO**

RENASSIANCE HOTEL SCHAUMBURG
C/O BOYER-ROSENE
1150 A NORTH SWIFT RD
ATT: JENNIFER STURCH
PH: 847-593-3700
ADDISON, IL 60101-

CRYST

| SHIP VIA | PREPAY & ADD | COLLECT | F.O.B. | TERMS |
|---|---|---|---|---|
| PPA - ROADWAY | | | ONTARIO, CALIFORNIA | 1% 10 NET 30 |

| QTY ORDERED | QTY SHIPPED | QTY BACK ORD | U/M | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| 4 | 4 | 0 | EA | 4233-BMH-S<br>DANCE FLOOR, 27'x 27'<br>EACH DANCE FLOOR INCLUDES:<br>81-#4290-BMH PANELS (40.5 BOXES @ 2 PER BOX)<br>24-4293-S FLAT TRIM (4 BOXES @ 4 PER BOX)<br>4-#4294-S CORNER TRIM SET (4 BOXES @ 1 CORNER TRIM SET PER BOX)<br>2-4298 LOCK KEYS (1 BOX @ 2 PER BOX)<br>SIDEMARK:<br>SCHAUMBURG CTR.<br>HPG ITEM NO: BQE0915.1<br><br>CONTINUED | 10800.00 | 43200.00 |
| | | | | | TOTAL | |

EXHIBIT D

G

# FORBES™ Industries

1933 East Locust Street * Ontario, California 91761
Phone: (909) 923-4559 * Fax: (909) 923-1969
E-Mail: sales@forbesindustries.com

| YOUR P.O. NUMBER | INVOICE NUMBER |
|---|---|
| 54775186 | 175295 |
| **ORDER DATE** | **INVOICE DATE** |
| 05/04/06 | 05/18/06 |

INVOICE

Pg: 2

SOLD TO
VILLAGE OF SCHAUMBURG
C/O HIGGINS PURCHASING GROUP
3490 PIEDMONT RD.,NE
SUITE 825
ATLANTA, GA 30305-

SHIP TO
RENASSIANCE HOTEL SCHAUMBURG
C/O BOYER-ROSENE
1150 A NORTH SWIFT RD
ATT: JENNIFER STURCH
PH: 847-593-8700
ADDISON, IL 60101-

CRYST

| SHIP VIA | PREPAY & ADD | COLLECT | F.O.B. | TERMS |
|---|---|---|---|---|
| PPA - ROADWAY | | | ONTARIO, CALIFORNIA | 1% 10 NET 30 |

| QTY ORDERED | QTY SHIPPED | QTY BACK ORD | U/M | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| | | | | DECRIPTION: DANCE FLOOR | | |
| | | | | AREA: BANQUETS | | |
| | | | | PO NO: 54775186 | | |
| 17 | 17 | 0 | EA | 4250<br>TRANSPORT CART | 340.00 | 5780.00 |
| | | | | SIDEMARK: | | |
| | | | | SCHAUMBURG CTR. | | |
| | | | | HPG ITEM NO: BOE0918.1 | | |
| | | | | DESCRIPTION: TRANSPORT CART | | |
| | | | | AREA: BANQUETS | | |
| | | | | PO NO: 54775186 | | |
| | | | | ** MARK CARTONS AND CORRESPONDENCE: | | |
| | | | | JOB NO. 5477 AND P.O.#54775186** | | |
| | | | | CONTINUED | | |
| | | | | | TOTAL | |

# FORBES™ Industries

1933 East Locust Street * Ontario, California 91761
Phone: (909) 923-4559 * Fax: (909) 923-1969
E-Mail: sales@forbesindustries.com

| YOUR P.O. NUMBER | INVOICE NUMBER |
| --- | --- |
| 54775186 | 175285 |
| ORDER DATE | INVOICE DATE |
| 05/04/06 | 05/18/06 |

INVOICE

Pg: 3

SOLD TO:
VILLAGE OF SCHAUMBURG
C/O HIGGINS PURCHASING GROUP
3490 PIEDMONT RD.,NE
SUITE 825
ATLANTA, GA 30305-

SHIP TO:
RENASSIANCE HOTEL SCHAUMBURG
C/O BOYER-ROSENE
1150 A NORTH SWIFT RD
ATT: JENNIFER STURCH
PH: 847-593-8700
ADDISON, IL 60101-

CRYST

| SHIP VIA | PREPAY & ADD | COLLECT | F.O.B. | TERMS |
| --- | --- | --- | --- | --- |
| PPA - ROADWAY | | | ONTARIO, CALIFORNIA | 1% 10 NET 30 |

| QTY ORDERED | QTY SHIPPED | QTY BACK ORD | U/M | DESCRIPTION | UNIT PRICE | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | ** FAX PROFORMA INVOICE TO | | |
| | | | | ANTHONY PEOPLES AT 404-814-9262 ** | | |
| | | | | *LEAD TIME APPROVED | | |
| | | | | BY MIKE HEWITT* | | |
| | | | | **FREIGHT CHARGES SHOWN | | |
| | | | | ARE ESTIMATES ONLY. | | |
| | | | | CHARGES MAY BE ADJUSTED | | |
| | | | | AT TIME OF SHIPPING** | | |
| | | | | 05/08/06 GERI | | |
| | | | | ** REVISED: IMPORTANT NOTES: | | |
| | | | | [SHIPPING FROM MIAMI]: | | |
| | | | | - 249 PANELS (2 PER BOX) | | |
| | | | | CONTINUED | | |
| | | | | | TOTAL | |

| YOUR P.O. NUMBER | INVOICE NUMBER |
|---|---|
| 54775186 | 175295 |
| ORDER DATE | INVOICE DATE |
| 05/04/06 | 05/15/06 |

# FORBES™ Industries

1933 East Locust Street * Ontario, California 91761
Phone: (909) 923-4559 * Fax: (909) 923-1969
E-Mail: sales@forbesindustries.com

INVOICE

SOLD TO:
VILLAGE OF SCHAUMBURG
C/O HIGGINS PURCHASING GROUP
3400 PIEDMONT RD.,NE
SUITE 825
ATLANTA, GA 30305-

SHIP TO:
RENASSIANCE HOTEL SCHAUMBURG
C/O BOYER-ROSENE
1150 A NORTH SWIFT RD
ATT: JENNIFER STURCH
PH: 847-595-8700
ADDISON, IL 60101-

CRYST

| SHIP VIA | PREPAY & ADD | COLLECT | F.O.B. | TERMS |
|---|---|---|---|---|
| PPA - ROADWAY | | | ONTARIO, CALIFORNIA | 1% 10 NET 30 |

| QTY ORDERED | QTY SHIPPED | QTY BACK ORD | U/M | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| | | | | - 48 FLAT TRIM (4 PER BOX) | | |
| | | | | - 12 CORNER TRIM SETS | | |
| | | | | (1 SET PER BOX) | | |
| | | | | - 8 KEYS (2 PER BOX) | | |
| | | | | - 7 TRANSPORT CARTS | | |
| | | | | [SHIPPING FROM ONTARIO]: | | |
| | | | | - 75 PANELS (2 PER BOX) | | |
| | | | | - 48 FLAT TRIM (4 PER BOX) | | |
| | | | | - 4 CORNER TRIM SETS | | |
| | | | | (1 SET PER BOX) | | |
| | | | | - 10 TRANSPORT CARTS | | |
| | | | | AND THEN CHANGE SHIP DATE | | |
| | | | | FROM: 5/18/06 | | |
| | | | | TO: 5/10/06, AND SHIP WITH | | |
| | | | | ORDER 174585, PER MIKE HEWITT ** | | |
| | | | | CONTINUED | | |
| | | | | | TOTAL | |



G

1933 East Locust Street * Ontario, California 91761
Phone: (909) 923-4559 * Fax: (909) 923-1969
E-Mail: sales@forbesindustries.com

| YOUR P.O. NUMBER | INVOICE NUMBER |
|---|---|
| 54775186 | 175295 |
| **ORDER DATE** | **INVOICE DATE** |
| 05/04/06 | 05/18/06 |

INVOICE

Pg: 5

SOLD TO:
VILLAGE OF SCHAUMBURG
C/O HIGGINS PURCHASING GROUP
3490 PIEDMONT RD.,NE
SUITE 825

ATLANTA, GA 30305-

SHIP TO:
RENASSIANCE HOTEL SCHAUMBURG
C/O BOYER-ROSENE
1150 A NORTH SWIFT RD
ATT: JENNIFER STURCH
PH: 847-593-8700
ADDISON, IL 60101-

CRYST

| SHIP VIA | PREPAY & ADD | COLLECT | F.O.B. | TERMS |
|---|---|---|---|---|
| PPA - ROADWAY | | | ONTARIO, CALIFORNIA | 1% 10 NET 30 |

| QTY ORDERED | QTY SHIPPED | QTY BACK ORD | U / M | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| | | | | SHIPPED 5/18/06 | | |
| | | | | ROADWAY - 7213768795 | | |
| | | | | SUBTOTAL: | | 45980.00 |
| | | | | FREIGHT: | | 4207.24 |
| | | | | SALES TAX: | | 0.00 |
| | | | | OTHER CHARGES: | | 0.00 |
| | | | | | TOTAL | 50187.24 |



américa super trader ltda.

www.grupoacme.com.br - info@grupoacme.com.br

# Packing List

| Name / Adress |
|---|
| Barter International Corp.<br>8422 NW 66 Street<br>33166<br>Miami - FL - USA<br>phone 786 - 331-9833 |

| Date | Ocean |
|---|---|
| 07/04/2006 | |

Po # 121291

| Vol | Box | Qty | Part No. | Description | Box dimmensions | Total Net Weight | Total Gross Weight |
|---|---|---|---|---|---|---|---|
| 1/20 | 23 | 46 | 4290-MAP | Floor Panel - Maple | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 2/20 | 23 | 46 | 4290-MAP | Floor Panel - Maple | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 3/20 | 23 | 46 | 4290-MAP | Floor Panel - Maple | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 4/20 | 23 | 46 | 4290-MAP | Floor Panel - Maple | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 5/20 | 23 | 46 | 4290-MAP | Floor Panel - Maple | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 6/20 | 7<br>16 | 14<br>32 | 4290-MAP<br>4290-BMH | Floor Panel - Maple<br>Floor Panel - Brown Mahogany | 0,96 x 0,96 x 0,08<br>0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 7/20 | 23 | 46 | 4290-BMH | Floor Panel - Brown Mahogany | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 8/20 | 23 | 46 | 4290-BMH | Floor Panel - Brown Mahogany | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 9/20 | 23 | 46 | 4290-BMH | Floor Panel - Brown Mahogany | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 10/20 | 23 | 46 | 4290-BMH | Floor Panel - Brown Mahogany | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 11/20 | 14<br>9 | 28<br>18 | 4290-BMH<br>4290-CHY | Floor Panel - Brown Mahogany<br>Floor Panel - Cherry | 0,96 x 0,96 x 0,08<br>0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 12/20 | 23 | 46 | 4290-CHY | Floor Panel - Cherry | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 13/20 | 23 | 46 | 4290-CHY | Floor Panel - Cherry | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 14/20 | 23 | 46 | 4290-CHY | Floor Panel - Cherry | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 15/20 | 23 | 46 | 4290-CHY | Floor Panel - Cherry | 0,96 x 0,96 x 0,08 | 828,00 | 879,00 |
| 16/20 | 21<br>1 | 42<br>2 | 4290-CHY<br>4290-BMH-S | Floor Panel - Cherry<br>Floor Panel - Brown Mahogany | 0,96 x 0,96 x 0,08<br>0,96 x 0,96 x 0,08 | 792,00 | 841,00 |
| 17/20 | 60<br>1<br>1 | 240 ✓<br>30 ✓<br>10 | 4293-G<br>4298<br>4280-B | Flat Trim Anodized Aluminium<br>Cam Lock<br>Tray | 0,15 x 0,95 x 0,75<br>0,23 x 0,42 x 0,30<br>0,79 x 0,19 x 0,10 | 364,00 | 387,00 |
| 18/20 | 60<br>12 | 60 ✓<br>12 ✓ | 4294-G<br>4294-S | Corner Trim Set Gold ( Right and Left)<br>Corner Trim Set Silver ( Right and | 0,15 x 1,53 x 0,40<br>0,15 x 1,53 x 0,40 | 317,65 | 337,70 |
| 19/20 | 5 | 5 | 4280 | Transport Cart | 0,82 x 1,32 x 0,40 | 199,00 | 211,50 |
| 20/20 | 5 | 5 | 4280 | Transport Cart | 0,82 x 1,32 x 0,40 | 199,00 | 211,50 |

EXHIBIT
E

AMERICA SUPER TRADER LTDA.

Av. Henry Ford 424 - Mooca - São Paulo, SP - 03109-000 - Tel (11) 6168 2158 - Fax (11) 6168 [illegible]



américa super trader ltda.

www.grupoacme.com.br · info@grupoacme.com.br

305

# Comercial Invoice

| Date | Invoice # |
|---|---|
| 07/04/2006 | 220 |

| Bill To |
|---|
| Barter International Corp.<br>8422 NW 66 Street<br>33166<br>Miami - FL - USA<br>phone 786 - 331-9833 |

| Ship To |
|---|
| Barter International Corp.<br>8422 NW 66 Street<br>33166<br>Miami - FL - USA<br>phone 786 - 331-9833 |

| | Terms | Ship | Via | | Gross Weight | Net Weight |
|---|---|---|---|---|---|---|
| | Net 90 | | Ocean | | 15.173,70 | 14.291,65 |

| Item # | Quantity | Part No. | Description | Price Each | Amount |
|---|---|---|---|---|---|
| 1 | 244 | 4290-BMH | Floor Panel - Brown Mahogany | | |
| 2 | 2 | 4290-BMH-S | Floor Panel - Brown Mahogany - Sample | | |
| 3 | 244 | 4290-MAP | Floor Panel - Maple | | |
| 4 | 244 | 4290-CHY | Floor Panel - Cherry | | |
| 5 | 60 | 4294-G | Corner Trim Set Anodized Alum Gold ( Right and Left) | | |
| 6 | 12 | 4294-S | Corner Trim Set Anodized Alum Silver ( Right and Left) | | |
| 7 | 240 | 4293-G | Flat Trim Anodized Aluminum | | |
| 8 | 10 | 4280 | Transport Cart | | |
| 9 | 30 | 4298 | Cam Lock | | |
| 10 | 10 | 4280-R | Tray | | |

Total CFR US$

Number Volume 20 volumes //511 boxes

NCM 4418.30.00 (itens 1 / 2 / 3 / 4 )
7325.99.90 (itens 5 /6/ 7 / 9 / 10)
8716.80.00 ( item 8)

EXHIBIT F

AMÉRICA SUPER TRADER LTDA.

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CAROLYN BURTON and GERRY BURTON,

Plaintiffs,

vs.

MARRIOTT INTERNATIONAL, INC.

---

MARRIOTT INTERNATIONAL, INC.

Third-Party Plaintiff,

vs.

FORBES INDUSTRIES, INC., and WINSFORD CORPORATION d/b/a FORBES INDUSTRIES

Third-Party Defendants.

Court No. 1:09-CV-1100

**THIRD-PARTY DEFENDANT WINSFORD CORPORATION d/b/a FORBES INDUSTRIES, INC.'S MOTION TO DISMISS COUNT II OF MARRIOTT INTERNATIONAL, INC.'S THIRD-PARTY COMPLAINT**

Third-Party Defendant, WINSFORD CORPORATION d/b/a FORBES INDUSTRIES (herein after referred to as "Winsford"), by its attorneys, Robert J. Kopka, KOPKA, PINKUS, DOLIN & EADS, L.L.C., pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Court to Dismiss Count II of the Third-Party Complaint filed by Third-Plaintiff, MARRIOTT INTERNATIONAL, INC., and states as follows:

1. On or about January 23, 2009, Plaintiffs, Carolyn Burton and Gerry Burton, initiated this lawsuit by filing their Complaint in the Law Division of the Circuit Court of Cook County, in Chicago, Illinois, under case number 2009 L 0898. A copy of Plaintiffs' Complaint is attached as Exhibit "A".

2. The case was removed to the Northern District of Illinois based on diversity of citizenship and Plaintiff's expectation that the matter in controversy exceeds $75,000.

3. Plaintiffs seek recovery for personal injuries sustained at a wedding reception, when Carolyn Burton tripped and fell on a wood dance floor at Marriott International Inc.'s hotel.

4. On March 17, 2010, Defendant/Third-Party Plaintiff ("Marriott") filed a Third-Party complaint against Winsford and Forbes Industries, Inc. A copy of the Third-Party Complaint is attached as Exhibit "B".

5. In Count II, Marriott alleges that Windsford designed, manufactured, sold or otherwise distributed the dance floor. See Exh. B. ¶ 14.

6. Marriott alleges that Windsford had a duty to "exercise reasonable care and caution" and that consequently is contributorily negligent for Plaintiffs' injuries, id. ¶ 16.

7. The factual allegations of a complaint must be sufficient to state a claim upon which relief can be granted its face. Tulumbuta and Kamango v. Wilmington Finance, Inc. et al., 2010 U.S. Dist. LEXIS 44643, *2-3 (N.D. Ill. May 3, 2010).

8. Assuming the well-pleaded facts as true, the Third-Party complaint fails to allege a nexus between Marriott and Windsford. For example, Marriott does not allege Windsford sold the floor to Marriott, that Windsford designed the dance floor for Marriott, that Windsford distributed the floor to Marriott or that Windsford manufactured the dance floor at Marriott's request.

9. Marriott only alleges that Windsford had one of four potential relations to the dance floor, but fails to allege how or when that particular dance floor came to be owned or possessed Marriott. In the absence of such basic facts, Windsford is denied the

opportunity to identify the dance floor at issue; thus, its ability to prepare its defense is severely hampered.

10. As the Third-Party complaint stands, Windsford is sued for an unspecified negligent sale of a dance floor, and no such claim exists in Illinois.

11. "A sufficient complaint does not have to provide detailed factual allegations, but it must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. These requirements ensure that the defendant receives fair notice of what the claim is and the grounds upon which it rests." Yates v. John Marshall Law School, 2009 U.S. Dist. LEXIS 39819 at *7-8 (N.D. Ill. May 11, 2009) (internal citations omitted).

12. The third-party complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b) for failure to state a claim.

Respectfully submitted,

THIRD-PARTY DEFENDANTS, FORBES INDUSTRIES, INC., and WINSFORD CORPORATION d/b/a FORBES INDUSTRIES

By: *s/Robert J. Kopka*
Robert J. Kopka

Robert J. Kopka, Esq. (IL 6183276)
KOPKA, PINKUS, DOLIN & EADS, L.L.C.
100 Lexington Drive, Suite 100
Buffalo Grove, Illinois 60089
(847) 549-9611
Fax: (847) 549-9636
Attorney No.: 6183276

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

CAROLYN R. BURTON and GERRY BURTON, )
Plaintiffs, )
v. ) No.
MARRIOTT INTERNATIONAL, INC. )
Defendant. )

2009L000898
CALENDAR/ROOM F
TIME 00:00
Premises Liability

PLAINTIFFS' COMPLAINT AT LAW

COUNT I
(Negligence - Premises Liability)

NOW COMES the Plaintiff CAROLYN R. BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, hereby complaining against Defendant MARRIOTT INTERNATIONAL, INC. (hereinafter referred to "Marriott"), pleading hypothetically and in the alternative, states as follows:

1. On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

2. On or about April 14, 2007, said premises was owned by Defendant Marriott.

3. On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

4. On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

5. On or about April 14, 2007, and at all times material, Defendant Marriott was a corporation doing business in the City of Schaumburg, County of Cook, State of Illinois.

6. On or about April 14, 2007, and at all times material, Defendant Marriott's premises

EXHIBIT
A

llroom and dance floor.

On or about April 14, 2007, and at all times material, Defendant Marriott rented out llroom for wedding receptions.

8. On or about April 14, 2007, and at all times material, the aforementioned ballroom ad a dance floor for guests to dance upon during the wedding receptions.

9. On or about April 14, 2007, and at all times material, Defendant Marriott employed persons to inspect and maintain said dance floor in the ballroom.

10. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

11. On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

12. On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

14. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

15. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

16. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton went onto the aforementioned dance floor to dance.

17. On or about April 14, 2007, and at all times material, the heel of Plaintiff Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which comprised the

...floor.

...On or about April 14, 2007, and at all times material, Defendant Marriott, through ...ents and employees, had a duty to ensure that the wooden dance floor was maintained in a ...anner which did not pose a threat or hazard to invitees.

19. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

20. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

21. On or about April 14, 2007, Defendant Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a) Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b) Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c) Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d) Failing to warn the Plaintiff of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

22. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant Marriott, Plaintiff Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for

...al, nursing, caretaking and other expenses; has suffered lost earnings; and has been ...ermanently and significantly disfigured and disabled.

WHEREFORE, Plaintiff CAROLYN R. BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, pray for judgment against Defendant MARRIOTT INTERNATIONAL, INC., by and through its employees and/or agents, for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, Law Division, which shall represent fair and just compensation.

**COUNT II**
**(Loss of Consortium)**

NOW COMES the Plaintiff GERRY BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, hereby complaining against Defendant MARRIOTT INTERNATIONAL, INC. (hereinafter referred to "Marriott"), pleading hypothetically and in the alternative, states as follows:

1. On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

2. On or about April 14, 2007, said premises was owned by Defendant Marriott.

3. On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

4. On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

5. On or about April 14, 2007, and at all times material, Defendant Marriott was a corporation doing business in the City of Schaumburg, County of Cook, State of Illinois.

6. On or about April 14, 2007, and at all times material, Defendant Marriott's premises

contained a ballroom and dance floor.

7. On or about April 14, 2007, and at all times material, Defendant Marriott rented out said ballroom for wedding receptions.

8. On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

9. On or about April 14, 2007, and at all times material, Defendant Marriott employed persons to inspect and maintain said dance floor in the ballroom.

10. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

11. On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

12. On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

14. On or about April 14, 2007, and at all times material, Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

15. On or about April 14, 2007, and at all times material, Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

16. On or about April 14, 2007, and at all times material, Carolyn Burton went onto the aforementioned dance floor to dance.

17. On or about April 14, 2007, and at all times material, the heel of Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which comprised the aforesaid

On or about April 14, 2007, and at all times material, Defendant Marriott, through [agents] and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

19. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

20. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

21. On or about April 14, 2007, Defendant Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a) Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b) Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c) Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d) Failing to warn Carolyn R. Burton of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

22. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant Marriott, Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for medical,

nursing, caretaking and other expenses; has suffered lost earnings; and has been permanently and significantly disfigured and disabled.

23. That at all times material, Plaintiff Gerry Burton was the lawfully wedded husband of Carolyn Burton.

24. As a proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff Gerry Burton has suffered a loss of the society, companionship, and support of his wife, Carolyn Burton.

WHEREFORE, Plaintiff GERRY BURTON, by and through his attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, pray for judgment against Defendant MARRIOTT INTERNATIONAL, INC., by and through its employees and/or agents, for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, Law Division, which shall represent fair and just compensation.

**POWER ROGERS & SMITH, P.C.**

By: ______________________
Attorney for Plaintiff

Joseph A. Power, Jr.
Sean M. Houlihan
POWER ROGERS & SMITH, P.C.
70 West Madison Street
Suite 5500
Chicago, IL 60602
(312) 236-9381
*Attorney #31444*

Lee C. Christie
CLINE FARRELL CHRISTIE LEE & CARESS
951 N. Delaware Street
Indianapolis, IN 46202

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CAROLYN BURTON** and **GERRY BURTON**, | ) |
| Plaintiffs, | ) |
| -vs- | ) Case No. 09 CV 1100 |
| **MARRIOTT INTERNATIONAL, INC.**, | ) Judge: James B. Zagel |
| | ) Magistrate: Jeffrey Cole |
| Defendant. | ) |
| **MARRIOTT INTERNATIONAL, INC.** | ) |
| Third Party Plaintiff, | ) |
| -vs- | ) |
| **FORBES INDUSTRIES, INC.**, and **WINDSFORD CORPORATION** d/b/a **FORBES INDUSTRIES**, | ) |
| Third Party Defendants. | ) |

**THIRD PARTY COMPLAINT**

**NOW COMES** Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for its Third Party Complaint against **FORBES INDUSTRIES, INC.**, and the **WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES**, plead in the alternative and in addition to the denials contained in its Answer and Affirmative Defense, states the following:

**JURISDICTION AND VENUE**

1. Plaintiffs, Carolyn Burton and Gerry Burton are citizens of the State of Indiana.

EXHIBIT
B

2. Defendant/Third Party Plaintiff, Marriott International, Inc, is a citizen of the States of Delaware and Maryland.

3. Pursuant to 28 U.S.C., Section 1441, et. seq., and based upon the diversity of citizenship of Plaintiffs from Defendant, this action was properly removed to Federal Court on or about February 20, 2009.

4. Venue is proper in this judicial district in that the incident alleged to have occurred took place in Cook County, Illinois, which is within the confines of the Eastern Division of the Northern District of Illinois. See 28 U.S.C. Section 1391(a) and 28 U.S.C. Section 93(a).

**ALLEGATIONS, TO ALL COUNTS**

5. Plaintiffs initiated the above captioned lawsuit by filing a Complaint at Law on or about January 23, 2009. A copy of said Complaint at Law is attached hereto, labeled Exhibit "A", and incorporated herein by reference.

6. The above captioned action was removed to this Honorable Court on or about February 20, 2009.

7. On or about February 26, 2009, Marriott International, Inc. filed its Answer and Affirmative Defense to Plaintiffs' causes of action denying that it owned, operated, maintained, managed, and/or controlled the premises where the alleged in Plaintiffs' Complaint allegedly occurred. A copy of Defendant's Answer and Affirmative Defense is attached hereto, labeled Exhibit "B", and incorporated herein by reference.[1]

---

[1] In its Amended Notice of Removal, Marriott International, Inc. disclosed that the manager of the subject property was actually Renaissance Hotel Management Company, LLC, not Marriott International, Inc.

8. Plaintiff, Carolyn R. Burton, claims that her left shoe became stuck in a gap between the sections of pieces of wood which comprised the dance floor, causing her to fall and sustain injuries. See Exhibit "A".

9. Gerry Burton claims to have suffered a loss of consortium as the result of his wife's fall and injuries. See Exhibit "A".

**COUNT I**

10. On and prior to the date of the incident alleged in Plaintiff's Complaint, Forbes Industries, Inc. designed, manufactured, sold, or otherwise distributed portable dance floors including the dance floor referenced in Plaintiffs' Complaint.

11. Forbes Industries, Inc. owed a duty to exercise reasonable care and caution in this design, manufacture, sale and distribution of said dance floors, including the dance floor referenced in Plaintiffs' Complaint.

12. While Defendant/Third Party Plaintiff, Marriott International, Inc., denies that it is liable for Plaintiff's injuries and damages and denies that Plaintiff's fall occurred in the manner claimed by Plaintiffs, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said dance floor, then Marriott International, Inc. is entitled to contribution from Forbes Industries, Inc. to the extent its negligent design, manufacture, sale, or distribution of the subject dance floor caused or contributed to cause Carolyn Burton's fall and subsequent injuries.

13. In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from Forbes Industries, Inc. in an amount equal to its percentage

of fault which proximately contributed to cause the Plaintiffs' injuries and damages, all in accordance with the Illinois Joint Tortfeasor's Contribution Act.

**WHEREFORE,** Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, prays that judgment be entered in its favor and against Third Party Defendant, **FORBES INDUSTRIES, INC.**, in an amount equal to the sum which would represent the relative degree to which the fault of the Third Party Defendant proximately caused Plaintiffs' injuries and damages, plus costs of suit.

**COUNT II**

14. On and prior to the date of the incident alleged in Plaintiff's Complaint, The Windsford Corporation, d/b/a Forbes Industries, designed, manufactured, sold, or otherwise distributed portable dance floors including the dance floor referenced in Plaintiffs' Complaint.

15. The Windsford Corporation, d/b/a Forbes Industries, owed a duty to exercise reasonable care and caution in this design, manufacture, sale and distribution of said dance floors, including the dance floor referenced in Plaintiffs' Complaint.

16. While Defendant/Third Party Plaintiff, Marriott International, Inc., denies that it is liable for Plaintiff's injuries and damages and denies that Plaintiff's fall occurred in the manner claimed by Plaintiffs, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said dance floor, then Marriott International, Inc. is entitled to contribution from The Windsford Corporation, d/b/a Forbes Industries, to the extent its negligent design, manufacture, sale, or distribution

of the subject dance floor caused or contributed to cause Carolyn Burton's fall and subsequent injuries.

17. In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from The Windsford Corporation, d/b/a Forbes Industries in an amount equal to its percentage of fault which proximately contributed to cause the Plaintiffs' injuries and damages, all in accordance with the Illinois Joint Tortfeasor's Contribution Act.

**WHEREFORE,** Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, prays that judgment be entered in its favor and against Third Party Defendant, the **WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES** in an amount equal to the sum which would represent the relative degree to which the fault of the Third Party Defendant proximately caused Plaintiffs' injuries and damages, plus costs of suit.

**COUNT III**

18. On and prior to the date of the incident alleged in Plaintiff's Complaint, Forbes Industries, Inc. designed, manufactured, sold, or otherwise distributed portable dance floors including the dance floor referenced in Plaintiffs' Complaint.

19. Forbes Industries, Inc. owed a duty to design, manufacture, sell and distribute a dance floor which was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, marketed, advertised, distributed and sold.

20. While Defendant/Third Party Plaintiff, Marriott International, Inc., denies that it is liable for Plaintiff's injuries and damages and denies that

Plaintiff's fall occurred in the manner claimed by Plaintiffs, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said dance floor, than Marriott International, Inc. is entitled to contribution from Forbes Industries, Inc. to the extent its design, manufacture, sale, or distribution of a defective dance floor caused or contributed to cause Carolyn Burton's fall and subsequent injuries.

21. In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from Forbes Industries, Inc. in an amount equal to its percentage of fault which proximately contributed to cause the Plaintiffs' injuries and damages, all in accordance with the Illinois Joint Tortfeasor's Contribution Act.

**WHEREFORE**, Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC**, prays that judgment be entered in its favor and against Third Party Defendant, **FORBES INDUSTRIES, INC.**, in an amount equal to the sum which would represent the relative degree to which the fault of the Third Party Defendant proximately caused Plaintiffs' injuries and damages, plus costs of suit.

**COUNT IV**

22. On and prior to the date of the incident alleged in Plaintiff's Complaint, the WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES designed, manufactured, sold, or otherwise distributed portable dance floors including the dance floor referenced in Plaintiffs' Complaint.

23. The **WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES** owed a duty to design, manufacture, sell and distribute a dance floor which was

neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, marketed, advertised, distributed and sold.

24. While Defendant/Third Party Plaintiff, Marriott International, Inc., denies that it is liable for Plaintiff's injuries and damages and denies that Plaintiff's fall occurred in the manner claimed by Plaintiffs, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said dance floor, than Marriott International, Inc. is entitled to contribution from the WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES to the extent its design, manufacture, sale, or distribution of a defective dance floor caused or contributed to cause Carolyn Burton's fall and subsequent injuries.

21. In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from the WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES in an amount equal to its percentage of fault which proximately contributed to cause the Plaintiffs' injuries and damages, all in accordance with the Illinois Joint Tortfeasor's Contribution Act.

**WHEREFORE**, Defendant/Third Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, prays that judgment be entered in its favor and against Third Party Defendant, the **WINDSFORD CORPORATION, d/b/a FORBES INDUSTRIES**, in an amount equal to the sum which would represent the relative degree to which the fault of the Third Party Defendant proximately caused Plaintiffs' injuries and damages, plus costs of suit.

Respectfully submitted,

JOHNSON & BELL, LTD.


By: /s/ Robert M. Burke
       Robert M. Burke, one of the
       Attorneys for Marriott
       International, Inc.

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

CLERK ... LAW DIVISION ... IL COURT

CAROLYN R. BURTON and GERRY BURTON, )
Plaintiffs, )
v. ) No.
MARRIOTT INTERNATIONAL, INC. )
Defendant. )

2009L000898
CALENDAR/ROOM F
TIME 00:00
Premises Liability

PLAINTIFFS' COMPLAINT AT LAW

COUNT I
(Negligence - Premises Liability)

NOW COMES the Plaintiff CAROLYN R. BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, hereby complaining against Defendant MARRIOTT INTERNATIONAL, INC. (hereinafter referred to "Marriott"), pleading hypothetically and in the alternative, states as follows:

1. On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

2. On or about April 14, 2007, said premises was owned by Defendant Marriott.

3. On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

4. On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

5. On or about April 14, 2007, and at all times material, Defendant Marriott was a corporation doing business in the City of Schaumburg, County of Cook, State of Illinois.

6. On or about April 14, 2007, and at all times material, Defendant Marriott's premises



contained a ballroom and dance floor.

7. On or about April 14, 2007, and at all times material, Defendant Marriott rented out said ballroom for wedding receptions.

8. On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

9. On or about April 14, 2007, and at all times material, Defendant Marriott employed persons to inspect and maintain said dance floor in the ballroom.

10. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

11. On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

12. On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

14. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

15. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

16. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton went onto the aforementioned dance floor to dance.

17. On or about April 14, 2007, and at all times material, the heel of Plaintiff Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which comprised the

aforesaid dance floor.

18. On or about April 14, 2007, and at all times material, Defendant Marriott, through its agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

19. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

20. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

21. On or about April 14, 2007, Defendant Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a) Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b) Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c) Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d) Failing to warn the Plaintiff of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

22. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant Marriott, Plaintiff Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for

medical, nursing, caretaking and other expenses; has suffered lost earnings; and has been permanently and significantly disfigured and disabled.

WHEREFORE, Plaintiff CAROLYN R. BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, pray for judgment against Defendant MARRIOTT INTERNATIONAL, INC., by and through its employees and/or agents, for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, Law Division, which shall represent fair and just compensation.

**COUNT II**
**(Loss of Consortium)**

NOW COMES the Plaintiff GERRY BURTON, by and through her attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, hereby complaining against Defendant MARRIOTT INTERNATIONAL, INC. (hereinafter referred to "Marriott"), pleading hypothetically and in the alternative, states as follows:

1. On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

2. On or about April 14, 2007, said premises was owned by Defendant Marriott.

3. On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

4. On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

5. On or about April 14, 2007, and at all times material, Defendant Marriott was a corporation doing business in the City of Schaumburg, County of Cook, State of Illinois.

6. On or about April 14, 2007, and at all times material, Defendant Marriott's premises

contained a ballroom and dance floor.

7. On or about April 14, 2007, and at all times material, Defendant Marriott rented out said ballroom for wedding receptions.

8. On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

9. On or about April 14, 2007, and at all times material, Defendant Marriott employed persons to inspect and maintain said dance floor in the ballroom.

10. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

11. On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

12. On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

14. On or about April 14, 2007, and at all times material, Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

15. On or about April 14, 2007, and at all times material, Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

16. On or about April 14, 2007, and at all times material, Carolyn Burton went onto the aforementioned dance floor to dance.

17. On or about April 14, 2007, and at all times material, the heel of Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which comprised the aforesaid

dance floor.

18. On or about April 14, 2007, and at all times material, Defendant Marriott, through its agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

19. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

20. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

21. On or about April 14, 2007, Defendant Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a) Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b) Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c) Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d) Failing to warn Carolyn R. Burton of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

22. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant Marriott, Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for medical,

nursing, caretaking and other expenses; has suffered lost earnings; and has been permanently and significantly disfigured and disabled.

23. That at all times material, Plaintiff Gerry Burton was the lawfully wedded husband of Carolyn Burton.

24. As a proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff Gerry Burton has suffered a loss of the society, companionship, and support of his wife, Carolyn Burton.

WHEREFORE, Plaintiff GERRY BURTON, by and through his attorneys, POWER ROGERS & SMITH, P.C. and CLINE FARRELL CHRISTIE LEE & CARESS, pray for judgment against Defendant MARRIOTT INTERNATIONAL, INC., by and through its employees and/or agents, for a sum in excess of the jurisdictional limit of the Circuit Court of Cook County, Law Division, which shall represent fair and just compensation.

POWER ROGERS & SMITH, P.C.

By:____________________
Attorney for Plaintiff

Joseph A. Power, Jr.
Sean M. Houlihan
POWER ROGERS & SMITH, P.C.
70 West Madison Street
Suite 5500
Chicago, IL 60602
(312) 236-9381
*Attorney #31444*

Lee C. Christie
CLINE FARRELL CHRISTIE LEE & CARESS
951 N. Delaware Street
Indianapolis, IN 46202

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CAROLYN BURTON and GERRY BURTON,
Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC.,
Defendant.

No. ____________

**AFFIDAVIT**

NOW comes Affiant, Sean M. Houlihan, and being first duly sworn on oath, deposes and states:

1. That he is one of the attorneys representing plaintiff in the above cause of action.

2. That he is familiar with the facts in the above cause.

3. That he has reviewed the available information relating to the money damages in the above matter.

4. That based upon information and belief, the total money damages sought in the above cause are worth in excess of Fifty Thousand Dollars ($50,000.00).

Sean M. Houlihan

Subscribed and sworn to before me this 26 day of ______, 2009

Notary Public

"OFFICIAL SEAL"
KATHLEEN M PLATT
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 05/03/10

Sean M. Houlihan
POWER ROGERS & SMITH #31444
70 W. Madison Street, Suite 5500
Chicago, IL 60602
312-236-9381
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CAROLYN BURTON** and **GERRY, BURTON,** | ) |
| Plaintiffs, | ) |
| -vs- | ) Case No. 09 CV 1100 |
| **MARRIOTT INTERNATIONAL, INC.,** | ) Judge: James B. Zagel |
| | ) Magistrate: Jeffrey Cole |
| Defendant. | ) |

**ANSWER TO PLAINTIFFS' COMPLAINT**

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.,** by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for its Answer to Plaintiffs' Complaint at Law, states the following:

**COUNT I**
**[Negligence – Premises Liability]**

1. On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

**Answer:** Marriott International, Inc. admits the allegations contained in paragraph 1 of Count I of Plaintiffs' Complaint at Law.

2. On or about April 14, 2007, said premises was owned by Defendant, Marriott.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 2 of Count I of Plaintiffs' Complaint at Law.

3. On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.



**Answer:** Marriott International, Inc. admits that there was a hotel, commonly referred to as the Renaissance Schaumburg Hotel & Convention Center located at 1551 North Thoreau Drive, Schaumburg, Illinois on the date alleged.

4. On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 4 of Count I of Plaintiffs' Complaint at Law.

5. On or about April 14, 2007, and at all times material, Defendant, Marriott was a corporation, doing business in the City of Schaumburg, County of Cook, State of Illinois.

**Answer:** Marriott International, Inc. admits that it is a corporation but denies that it was doing business at the subject premises at the time and place alleged.

6. On or about April 14, 2007, and at all times material, Defendant Marriott's premises contained a ballroom and dance floor.

**Answer:** Marriott International, Inc. admits that there was a ballroom and dance floor at the premises at the time and place alleged, but denies that said ballroom or dance floor were upon premises, owned, operated, maintained, managed or controlled by it.

7. On or about April 14, 2007, and at all times material, Defendant, Marriott rented out said ballroom for wedding receptions.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 7 of Count I of Plaintiffs' Complaint at Law.



8. On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

**Answer:** Based upon information and belief, Marriott International, Inc. admits the allegations contained in paragraph 8 of Count I of Plaintiffs' Complaint at Law.

9. On or about April 14, 2007, and at all times material, Defendant, Marriott employed persons to inspect and maintain said dance floor in the ballroom.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 9 of Count I of Plaintiffs' Complaint at Law.

10. On or about April 14, 2007, and at all times material, Defendant, Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 10 of Count I of Plaintiffs' Complaint at Law.

11. On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

**Answer:** Based upon information and belief, Marriott International, Inc. admits that portions of said dance floor contained wood, but denies the remaining allegations contained in paragraph 11 of Count I of Plaintiffs' Complaint at Law.

12. On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.



**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 12 of Count I of Plaintiffs' Complaint at Law.

13. There is no paragraph 13 alleged.

14. On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

**Answer:** Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 14 of Count I of Plaintiffs' Complaint at Law.

15. On or about April 14, 2007, and at all times material, Plaintiff, Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

**Answer:** Marriott International, Inc. had no intent regarding the use of the subject dance floor by Carolyn Burton, and therefore, denies said allegation.

16. On or about April 14, 2007, and at all times material, Plaintiff, Carolyn Burton went onto the aforementioned dance floor to dance.

**Answer:** Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 16 of Count I of Plaintiffs' Complaint at Law.

17. On or about April 14, 2007, and at all times material, the heel of Plaintiff Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which compromised the aforesaid dance floor.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 17 of Count I of Plaintiffs' Complaint at Law.

18. On or about April 14, 2007, and at all times material, Defendant, Marriott, through its agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

**Answer:** Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

19. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

**Answer:** Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

20. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agent and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

**Answer:** Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

21. On or about April 14, 2007, Defendant, Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a) Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b) Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c) Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d) Failing to warn the Plaintiff of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 21 of Count I of Plaintiffs' Complaint at Law, including each and every allegation contained in subparagraphs (a) through (d) inclusive.

22. As a direct and proximate result of one or more of the following negligent acts and/or omissions of the Defendant, Marriott, Plaintiff, Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred and will permanently in the future incur obligations for substantial sums of money for medical, nursing, caretaking and other expenses; has suffered loss earnings; and has been permanently and significantly disfigured and disabled.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 22 of Count I of Plaintiffs' Complaint at Law.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, denies that plaintiff is entitled to the relief sought or any relief whatsoever, and further prays that judgment and costs be entered in favor of Defendant and against the Plaintiff.

**COUNT II**
**(Loss of Consortium)**

1. On or about April 14, 2007, and at all times material, there existed a building located on the premises commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.



**Answer:** Marriott International, Inc. admits the allegations contained in paragraph 1 of Count II of Plaintiffs' Complaint at Law.

2. On or about April 14, 2007, said premises was owned by Defendant, Marriott.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 2 of Count II of Plaintiffs' Complaint at Law.

3. On or about April 14, 2007, and at all times material, said premises was commonly known as the Renaissance Schaumburg Hotel & Convention.

**Answer:** Marriott International, Inc. admits that there was a hotel, commonly referred to as the Renaissance Schaumburg Hotel & Convention Center located at 1551 North Thoreau Drive, Schaumburg, Illinois on the date alleged.

4. On or about April 14, 2007, and at all times material, Defendant Marriott operated, maintained, managed and/or controlled the aforementioned premises.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 4 of Count II of Plaintiffs' Complaint at Law.

5. On or about April 14, 2007, and at all times material, Defendant, Marriott was a corporation, doing business in the City of Schaumburg, County of Cook, State of Illinois.

**Answer:** Marriott International, Inc. admits that it is a corporation but denies that it was doing business at the subject premises at the time and place alleged.

6. On or about April 14, 2007, and at all times material, Defendant Marriott's premises contained a ballroom and dance floor.

**Answer:** Marriott International, Inc. admits that there was a ballroom and dance floor at the time and place alleged, but denies that said ballroom or dance floor were upon premises, owned, operated, maintained, managed or controlled by it.

7. On or about April 14, 2007, and at all times material, Defendant, Marriott rented out said ballroom for wedding receptions.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 7 of Count II of Plaintiffs' Complaint at Law.

8. On or about April 14, 2007, and at all times material, the aforementioned ballroom had a dance floor for guests to dance upon during the wedding receptions.

**Answer:** Based upon information and belief, Marriott International, Inc. admits the allegations contained in paragraph 8 of Count II of Plaintiffs' Complaint at Law.

9. On or about April 14, 2007, and at all times material, Defendant, Marriott employed persons to inspect and maintain said dance floor in the ballroom.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 9 of Count II of Plaintiffs' Complaint at Law.

10. On or about April 14, 2007, and at all times material, Defendant, Marriott, by and through its agents and employees, knew that the invited guests would be dancing on said dance floor in the ballroom.

**Answer:**    Marriott International, Inc. denies the allegations contained in paragraph 10 of Count II of Plaintiffs' Complaint at Law.

11.    On or about April 14, 2007, and at all times material, the aforesaid dance floor was comprised of wooden slabs or pieces of wood.

**Answer:**    Based upon information and belief, Marriott International, Inc. admits that portions of said dance floor contained wood, but denies the remaining allegations contained in paragraph 11 of Count II of Plaintiffs' Complaint at Law.

12.    On or about April 14, 2007, and at all times material, certain pieces or slabs of the wooden dance floor were not abutting each other, creating a hazard.

**Answer:**    Marriott International, Inc. denies the allegations contained in paragraph 12 of Count II of Plaintiffs' Complaint at Law.

13.    There is no paragraph 13 alleged.

14.    On or about April 14, 2007, and at all times material, Plaintiff Carolyn Burton, was an invitee to a wedding reception on the premises of Marriott commonly known as 1551 North Thoreau Drive, Schaumburg, Illinois.

**Answer:**    Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 14 of Count II of Plaintiffs' Complaint at Law.

15.    On or about April 14, 2007, and at all times material, Plaintiff, Carolyn Burton was an intended user of the dance floor in the ballroom of the aforesaid premises.

**Answer:** Marriott International, Inc. had no intent regarding the use of the subject dance floor by Carolyn Burton, and therefore, denies said allegation.

16. On or about April 14, 2007, and at all times material, Plaintiff, Carolyn Burton went onto the aforementioned dance floor to dance.

**Answer:** Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 16 of Count II of Plaintiffs' Complaint at Law.

17. On or about April 14, 2007, and at all times material, the heel of Plaintiff Carolyn Burton's left shoe became stuck in a gap between the slabs or pieces of wood which compromised the aforesaid dance floor.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 17 of Count II of Plaintiffs' Complaint at Law.

18. On or about April 14, 2007, and at all times material, Defendant, Marriott, through its agents and employees, had a duty to ensure that the wooden dance floor was maintained in a manner which did not pose a threat or hazard to invitees.

**Answer:** Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

19. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agents and/or employees, had a duty to maintain its dance floor in a reasonably safe condition.

**Answer:** Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

20. On or about April 14, 2007, and at all times material, Defendant Marriott, by and through its agent and/or employees, had a duty to warn its invitees of the dangerous condition existing upon the dance floor.

**Answer:** Marriott International, Inc. states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

21. On or about April 14, 2007, Defendant, Marriott, by and through its employees and/or agents, was negligent in one or more of the following ways:

(a) Negligently maintaining and/or allowing the dance floor to be unreasonably dangerous; or

(b) Failing to inspect and discover the dangerous condition existing on the dance floor; or

(c) Negligently allowing the premises to remain in an unsafe and hazardous condition; or

(d) Failing to warn the Plaintiff of the dangerous condition existing on the dance floor when the Defendant knew or should have known in the exercise of reasonable care, of the defective nature of the dance floor.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 21 of Count II of Plaintiffs' Complaint at Law, including each and every allegation contained in subparagraphs (a) through (d) inclusive.

22. As a direct and proximate result of one or more of the following negligent acts and/or omissions of the Defendant, Marriott, Plaintiff, Carolyn R. Burton was injured; has endured and will in the future endure pain and suffering; has suffered a loss of the enjoyment of a normal life; has incurred

and will permanently in the future incur obligations for substantial sums of money for medical, nursing, caretaking and other expenses; has suffered loss earnings; and has been permanently and significantly disfigured and disabled.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 22 of Count II of Plaintiffs' Complaint at Law.

23. That at all times material, Plaintiff, Gerry Burton was a lawfully wedded husband of Carolyn Burton.

**Answer:** Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 23 of Count II of Plaintiffs' Complaint at Law.

24. As a proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, Gerry Burton has suffered a loss of the society, companionship, and support of his wife, Carolyn Burton.

**Answer:** Marriott International, Inc. denies the allegations contained in paragraph 24 of Count II of Plaintiffs' Complaint at Law.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, denies that plaintiff is entitled to the relief sought or any relief whatsoever, and further prays that judgment and costs be entered in favor of Defendant and against the Plaintiff.

**AFFIRMATIVE DEFENSE**

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and in the alternative and in addition to its Answer to Plaintiffs' Complaint at Law, states that Plaintiff, **CAROLYN R. BURTON**, was careless and negligent in

one or more or all of the following respects, which proximately caused the injuries and damages of which she and **GERRY BURTON** complain:

(a) Carelessly and negligently failed to maintain a proper lookout for her own safety;

(b) Carelessly and negligently danced in such a fashion that the shoe she was wearing became entangled or caught in her dress, causing her to fall.

(c) Was otherwise careless and negligent.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, prays for judgment and costs of suit in the event that **CAROLYN R. BURTON** is found to be more than fifty (50%) percent at fault for causing her own injuries and the damages of the Plaintiffs, or in the alternative, prays for a reduction of any damages awarded to the Plaintiffs in proportion to the percentage of Carolyn R. Burton's contributory fault.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: /s/Robert M. Burke
Robert M. Burke, one of the Attorneys for Marriott International, Inc.

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347