**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CAROLYN BURTON** and **GERRY BURTON,** | ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) Case No.  09 CV 1100 ) |
| **MARRIOTT INTERNATIONAL, INC.,** | ) Judge:  James B. Zagel ) |
| | ) Magistrate:  Jeffrey Cole |
| Defendant. | ) ) |
| **MARRIOTT INTERNATIONAL, INC.** | ) ) |
| Third Party Plaintiff, | ) ) |
| -vs- | ) ) ) |
| **FORBES INDUSTRIES, INC.,** and **WINSFORD CORPORATION** d/b/a **FORBES INDUSTRIES,** | ) ) ) ) |
| Third Party Defendants. | ) ) ) |

**MARRIOTT INTERNATIONAL, INC.'S RESPONSE IN OPPOSITION TO**
**THIRD-PARTY DEFENDANT'S MOTION TO STRIKE COUNTS I AND III**
**OF ITS THIRD-PARTY COMPLAINT**

**NOW COMES** Defendant/Third-Party Plaintiff, **MARRIOTT INTERNATIONAL, INC.**, by and through one of its attorneys, PAUL GAMBOA of JOHNSON & BELL, LTD., and for its Response in Opposition to Third-Party Defendant **FORBES INDUSTRIES, INC.'S** Motion to Strike Counts I and III of its Third-Party Complaint pursuant to Rule 14(a)(4), states as follows:

**I.     PROCEDURAL BACKGROUND**

1.     As noted in Forbes Industries, Inc.'s motion, Plaintiffs initiated the above-captioned lawsuit by filing a Complaint at Law on or about January 23, 2009. In that Complaint, Plaintiff Carolyn Burton claims that her left shoe became stuck in

between the wooden sections comprising the Renaissance Schaumburg Hotel dance floor, causing her to fall and sustain injuries. The action was removed to this Honorable Court on or about February 20, 2009 pursuant to 28 U.S.C. §1441, *et seq.*, and based upon diversity of citizenship between the parties.

2. On March 17, 2010, Defendant/Third-Party Plaintiff filed a Third-Party against Forbes Industries, Inc. and the Windsford Corporation, d/b/a Forbes Industries. *See docket entry #24.* Counts I and III are directed towards Forbes Industries, Inc.

3. Forbes Industries, Inc.'s motion, brought pursuant to Rule 14(a)(4), seeks to strike Counts I and III of the Third-Party Complaint, as it is asserted that "Forbes" is a trade name of Windsford Corporation and is not a separate legal entity. *See docket entry #38*, par. 5-6.

## II. AUTHORITY

4. Rule 14(a) is an avenue for a defending party to, as a Third-Party Plaintiff, bring a complaint against a nonparty who is or may be liable to it for all or part of the claim against it. FED. R. CIV. P. 14(a)(1).

5. Rule 14(a) holds that any party may move to strike a Third-Party claim. FED. R. CIV. P. 14(a)(4). The Committee comments clarify that, after the Third-Party Defendant is brought in, the Court has discretion to strike the Third-Party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the Plaintiff's claim. FED. R. CIV. P. 14(a)(4) advisory committee notes (1963).

## III. ARGUMENT

6. Notwithstanding the general admonition that motions to strike are disfavored except when they serve to expedite (*Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)), it is clear that Third-Party Defendant's instant

motion is not of the type contemplated by Rule 14(a)(4). As noted in the background section of the Third-Party Defendant's motion, this matter stems from an injury suffered by Carolyn Burton as she tripped on a portable dance floor at the Renaissance Schaumburg Hotel. Marriott International, Inc. brought its Third-Party Complaint against Forbes Industries, Inc. and the Windsford Corporation, d/b/a Forbes Industries, Inc. for its role in the design, manufacture, sale, or distribution of that portable dance floor. Therefore, Third-Party Plaintiff effectively alleges that the Third-Party Defendants are the parties responsible for Plaintiff's injuries. Such a claim falls directly within Rule 14(a)(1), as Marriott International, Inc. alleges that the Third-Party Defendants are liable to it for all or part of the claim the Burtons have brought against it. The instant claim is exactly of the type that is routinely brought under Rule 14.

Once it has been determined that a Third-Party claim is proper, the Court charged with determining whether or not to sever or strike the claim should examine whether continued joinder will serve to complicate the litigation unduly or will prejudice the other parties in any substantial way. Wright, Miller, & Kane, *Federal Practice and Procedure:* Civil 2d § 1460 (1990). The facts surrounding the claims made in this case lead to a conclusion that continued joinder would not unduly complicate the litigation or prejudice any of the parties, especially considering that all claims rest on the same set of operative facts.

Forbes International, Inc.'s attempt to employ Rule 14(a)(4) to obtain dismissal of the claims against it is impermissible. At this stage in the litigation, Windsford Corporation's structure is unclear, and it is unknown if Forbes Industries, Inc. was

incorporated at the time in question.[1]  Forbes Industries, Inc.'s identification as an entity on whose behalf the pending motion was brought indicates that it is in fact a viable Defendant.  At any rate, its reliance on Rule 14(a)(4) is misplaced, and its motion to strike Counts I and III should be denied as a result.

**WHEREFORE,** Defendant, **MARRIOTT INTERNATIONAL, INC.**, respectfully moves this Honorable Court for entry of an Order denying Third-Party Defendant's Motion to Dismiss Count II of its Third-Party Complaint.

Respectfully submitted,

JOHNSON & BELL, LTD.,

By:  /s/ Paul Gamboa
Paul Gamboa, one of the Attorneys for
Marriott International, Inc.

Paul Gamboa (ARDC #6282923)
JOHNSON & BELL, LTD.,
33 West Monroe Street
Suite #2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770
Attorney No. 06347

---

[1] Forbes Industries has merely claimed that it is currently a name by which Winsford Corp. does business without any factual support as to when Forbes Industries, Inc. was merged into Winsford Corp., when it gave up its corporate identity, or when it became merely a name by which Winsford does business.