# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CAROLYN BURTON and GERRY BURTON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MARRIOTT INTERNATIONAL, INC. ) <br> ) <br> _____ ) <br> ) <br> MARRIOTT INTERNATIONAL, INC. ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FORBES INDUSTRIES, INC., and WINSFORD ) <br> CORPORATION d/b/a FORBES INDUSTRIES ) <br> ) <br> Third-Party Defendants. ) <br> ) | Court No. 1:09-CV-1100 |

### WINSFORD CORP.'S REPLY TO MARRIOTT INTERNATIONAL, INC.'S RESPONSE TO WINSFORD CORP.'S MOTION TO DISMISS COUNT II OF MARRIOTT INTERNATIONAL, INC.'S THIRD-PARTY COMPLAINT

Now comes Third-Party Defendant, WINSFORD CORPORATION d/b/a FORBES INDUSTRIES. ("Winsford"), by and through its attorneys, Robert J. Kopka, KOPKA, PINKUS, DOLIN & EADS, L.L.C., and for its Reply to Third-Party Plaintiff Marriott International Inc.'s ("Marriott") Response to Winsford's Motion to Dismiss Count II of the Third-Party Complaint ("Motion"), states as follows:

1. In Count II, Marriott alleges Winsford negligently designed, manufactured, sold or distributed the dance floor. A products liability action can be premised in negligence terms or in strict liability terms, and clearly Marriott is alleging negligence in Count II.

    See Marriott Response, p.4-5. Despite this explicit negligence allegation, Marriott relies upon strict liability precedent in an attempt to defeat the Motion.

2. The affidavit attached to the Motion clearly states that, at most, Winsford sold the dance floor to Marriott's purchasing group. Winsford even provided detailed contact information for the Brazilian company that is the designer and manufacturer of the dance floor. This additional manufacturer information was provided as is required for a future 735 ILCS 5/2-621 motion.

3. Marriott's Response relies on three cases to support its argument that a negligent seller can be liable in a products liability action. Reliance on these cases is misplaced.

4. First, Marriott relies upon <u>Suvada v. White Motor Company, et al</u>., 32 Ill.2d 612 (1965). In <u>Suvada</u>, the plaintiffs purchased a reconditioned milk tractor truck that was subsequently involved in an accident after its brake system failed. <u>Id</u>. The plaintiffs sued the manufacturer of the brake system and the company that sold them the milk truck to recover money for the damages the plaintiffs had to pay for repairs and injury settlements. <u>Id</u>. at 613-14. The main issue in <u>Suvada</u> was whether the plaintiffs, who were not in privity with the manufacturer, could recover damages from them and the Court affirmed that they could.

5. Marriott seems to be arguing that lack of privity is not a defense to the present negligence action. Privity is not the basis of the Motion, however, and is therefore irrelevant to the issue. The Motion clearly argued that "negligent sale" of the dance floor is not a colorable cause of action.

6. Second, Marriott relied upon <u>Hammond v. North American Asbestos Corporation</u>, 97 Ill.2d 195 (an asbestos case), for the proposition that all persons in the distributive chain

(including sellers) are liable in a products liability action. However, that authority is based on a line of cases that all involve strict liability and not negligence. Hammond relied upon Thomas v. Kaiser Agricultural Chemicals, 81 Ill.2d 206 (1980) (a liquid nitrogen case), which relied upon Dunham v. Vaughan, 42 Ill.2d 339 (1969) (a hammer case), and finally relied upon Suvada (a truck case). Following the authority demonstrates that Marriott has not cited any case that holds a seller is liable in a products liability case premised on negligence.

7. Third, Marriott relied upon Crowe v. The Public Building Commission of Chicago, *et al*., 74 Ill.2d 10 (1978). Again, Marriott uses a misleading quote. The opinion in Crowe was entirely focused on strict liability. See id. at 13 (Holding that "[t]he sole issue presented for review is whether strict tort liability applies to a former lessor of a defective product.") The specific quote used by Marriott was excised from a paragraph only discussing **strict liability**, not negligence, as is applicable to the case *sub judice*. As such, reliance upon Crowe is misplaced.

8. The Motion is simple. Marriott has failed to state a cause of action, because there is no authority for holding a seller liable for negligence products liability case.

WHEREFORE, Third-Party Defendant, WINSFORD CORPORATION d/b/a FORBES INDUSTRIES. requests that Count II of the Third-Party Complaint be dismissed pursuant to FRCP 14(a)(4) as they are directed at a non-existent entity.

    Respectfully submitted,

    THIRD-PARTY DEFENDANT
    WINSFORD CORPORATION d/b/a FORBES INDUSTRIES,

    By: *s/Robert J. Kopka*
        Robert J. Kopka

Robert J. Kopka, Esq. (IL 6183276)
KOPKA, PINKUS, DOLIN & EADS, L.L.C.
100 Lexington Drive, Suite 100
Buffalo Grove, Illinois 60089
(847) 549-9611
Fax: (847) 549-9636
Attorney No.: 6183276