IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN BURTON and GERRY BURTON,<br><br>Plaintiffs,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC.<br><br>―――――――――――――――――――――<br><br>MARRIOTT INTERNATIONAL, INC.<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>FORBES INDUSTRIES, INC., and WINSFORD<br>CORPORATION d/b/a FORBES INDUSTRIES<br><br>Third-Party Defendants. | Court No. 1:09-CV-1100 |

**FORBES INDUSTRIES, INC. REPLY TO MARRIOTT INTERNATIONAL, INC.'S RESPONSE TO FORBES INDUSTRIES INC.'S MOTION TO STRIKE COUNTS I AND III OF MARRIOTT INTERNATIONAL, INC.'S THIRD-PARTY COMPLAINT**

Now comes Third-Party Defendant, FORBES INDUSTRIES, INC. ("Forbes"), by and through its attorneys, Robert J. Kopka, KOPKA, PINKUS, DOLIN & EADS, L.L.C., and for its Reply to Third-Party Plaintiff Marriott International Inc.'s ("Marriott") Response to Forbes's Motion to Strike Counts I and III of the Third-Party Complaint ("Motion"), states as follows:

1. Forbes moved to strike two counts of the Third-Party Complaint, as they are alleged against a non-existent entity that is merely a trade name for the real entity.

2. Marriott in its Response stated that Rule 14(a)(1) was applicable to its claims against Forbes, and that the joinder of Forbes in the litigation will not unduly complicate the litigation or prejudice any party.

3. First, Forbes does not dispute that Marriott has a right under Rule 14(a)(1) to add third parties to the litigation. That is not the issue presented in the Motion, however. The Motion addresses the fact that Forbes, a third party that Marriott has brought into the litigation, is not an existing entity. A proper procedural way to remove claims against a non-existent third-party is to strike the counts against it. Rule 12(b) language presumes a party exists and wants to dismiss the lawsuit; not that a party does not exist at all.

4. Second, there is no active Forbes entity in Illinois that is associated with The Winsford Corporation. See Exhibit 1, Affidavit from Colin Vigdal, Corporate Controller for The Winsford Corporation.

5. A Forbes entity was acquired by the The Winsford Corporation decades ago, but that entity is not and never has been an active corporation in Illinois. See Exhibit 1.

6. Forbes Industries has been a "d/b/a" of The Winsford Corporation for at least the past 25 years. See Exhibit 1.

7. As Third-Party Defendants previously offered to Marriott, the insurance policy governing the entities explicitly states that its insured is "Winsford Corporation/Forbes Industries" at a single address.

8. Forbes is not an active entity and is not capable of being sued. See Bauer v. Pounds, 762 A.2d 499, 503 (Conn. App. Ct. 2000) (holding "it appears well settled that the use of a fictitious or assumed business name does not create a separate legal entity and that the designation of d/b/a is merely descriptive of the person or corporation who does business

under some other name.")'; see also Am. Express Travel Related Servs. Co. v. Berlye, 414 S.E.2d 499, 501 (Ga. Ct. App. 1991) (holding "the use of d/b/a or 'doing business as' to associate a tradename with the corporation using it does not create a legal entity separate from the corporation but is merely descriptive of the corporation.").

9. Striking the counts against Forbes will not prejudice Marriott from proceeding on both its theories of liability against Winsford (which are identical to its theories against Forbes).

WHEREFORE, Third-Party Defendant, FORBES INDUSTRIES, INC. requests that Counts I and III of the Third-Party Complaint be stricken pursuant to FRCP 14(a)(4) as they are directed at a non-existent entity.

Respectfully submitted,

THIRD-PARTY DEFENDANT
FORBES INDUSTRIES, INC.


By: *s/Robert J. Kopka*
Robert J. Kopka


Robert J. Kopka, Esq. (IL 6183276)
KOPKA, PINKUS, DOLIN & EADS, L.L.C.
100 Lexington Drive, Suite 100
Buffalo Grove, Illinois 60089
(847) 549-9611
Fax: (847) 549-9636
Attorney No.: 6183276

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN BURTON and GERRY BURTON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MARRIOTT INTERNATIONAL, INC. ) <br> ) <br> Defendants. ) <br> _____ ) <br> MARRIOT INTERNATIONAL, INC. ) <br> ) <br> Third Party Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FORBES INDUSTRIES, INC., and WINSFORD ) <br> CORPORATION d/b/a FORBES INDUSTRIES ) <br> ) <br> Third Party Defendants. ) <br> ) | Court No. 1:09-CV-1100 |

**AFFIDAVIT OF ARTHUR COLIN VIGDAL REGARDING
NON-EXISTENCE OF FORBES INDUSTRIES**

NOW COMES Third-Party Defendant, The Winsford Corporation d/b/a Forbes Industries, by its Corporate Controller, Arthur Colin Vigdal and in support of its Motion to Strike, submits the Affidavit of Arthur Colin Vigdal, as follows:

1. My name is Arthur Colin Vigdal. I am the Corporate Controller for The Winsford Corporation. I have held this position since September 9, 2008. I have been employed by the The Winsford Corporation since September 9, 2008.

2. There is no active Forbes entity in Illinois that is associated with The Winsford Corporation.

3. The Winsford Corporation is a California entity.

4. A Forbes entity was acquired by The Winsford Corporation decades ago, but that Forbes entity is not and never has been an active corporation in Illinois.

5. Forbes Industries has been a "d/b/a" of The Winsford Corporation for at least the past 25 years.

Respectfully submitted,

*Arthur Colin Vigdal*
Arthur Colin Vigdal
THE WINSFORD CORPORATION

Subscribed and sworn before me this __24__ day of __June__, 2010.

__See Bottom__
Notary Public

State of California County of
__San Bernardino__
Subscribed and sworn to (or affirmed) before me on this 24th day of __June__, 2010, by __Arthur Colin Vigdal__ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Signature _____
(Seal)

ELIZABETH NAVARRO
Commission # 1869924
Notary Public - California
San Bernardino County
My Comm. Expires Oct 31, 2013

2