## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CAROLYN BURTON and GERRY BURTON, | |
| Plaintiffs, | No. 09 C 1100 |
| v. | Judge James B. Zagel |
| MARRIOTT INTERNATIONAL, INC., Defendant. | |
| MARRIOTT INTERNATIONAL, INC., Third-party Plaintiff, | |
| v. | |
| FORBES INDUSTRIES, INC., and WINSFORD CORPORATION d/b/a FORBES INDUSTRIES, | |
| Third-party Defendants. | |

## MEMORANDUM OPINION AND ORDER

### I. STATEMENT OF FACTS

Plaintiffs filed this lawsuit in the Circuit Court of Cook County, Illinois alleging injuries sustained when Carolyn R. Burton's shoe became stuck between two wooden sections of a dance floor at the Renaissance Schaumburg Hotel. The case was removed to this court on February 20, 2009 based upon diversity of citizenship between the parties. On March 17, 2010, Defendant/Third-Party Plaintiff Marriott International, Inc. ("Marriott") filed a Third-party Complaint against Forbes Industries, Inc. ("Forbes") and the Winsford Corporation d/b/a Forbes Industries ("Winsford").

In the Third-party Complaint, Marriott alleges that Winsford designed, manufactured, sold, or otherwise distributed dance floors, including the dance floor described in Plaintiff's complaint. Additionally, Marriott contends that Winsford owed a duty to exercise reasonable care and caution in the design, manufacture, sale, and distribution of the dance floor. Marriott seeks contributory damages from Winsford in an amount equal to its percentage of fault, or an apportionment of fault based on the relative culpability of the parties.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of the Plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992). Plaintiff, for his part, must do more than solely recite the elements for a violation; he must plead with sufficient particularity so that his right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead his facts so that, when accepted as true, they show the plausibility of his claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of his entitlement to relief. *Id.* (internal quotations omitted).

## III. DISCUSSION

### A. Counts I and III Are Dismissed.

Forbes moves to strike counts I and III of Marriott's Third-party Complaint on the grounds that Forbes Industries, Inc. is only a trade name for Winsford, and as such, not a separate

legal entity capable of being sued. "Doing business as" or "d/b/a" is a descriptive term referring to a corporation doing business under another name, and does not create a distinct legal entity. *General Ins. Co. of America v. Clark Mall, Corp.*, 631 F.Supp.2d 968, 973 (N.D. Ill. 2009).

Arthur Colin Vigdal, Corporate Controller for Winsford, submitted an affidavit stating that no active Forbes entity exists in Illinois that is associated with Winsford, that a Forbes entity was acquired by Winsford "decades ago" but that the Forbes entity is not, and never has been, an active corporation in Illinois, and that Forbes Industries has been a "d/b/a" of Winsford for at least twenty-five years. I am satisfied that Forbes Industries, Inc. is not a separate legal entity, but instead merely a trade name used by Winsford. Counts I and III are identical to counts II and IV, except that counts I and III are directed at Forbes, and the latter at Winsford. Accordingly, counts I and III of the Third-party Complaint are struck.

B. Count II Is Not Dismissed For Failure To State A Claim.

In count II of the Third-party Complaint, Marriott alleges that Winsford designed, manufactured, sold, or otherwise distributed the dance floor on which Plaintiff was allegedly injured, and that Winsford was contributorily negligent because of the design, manufacture, sale, or distribution of the subject dance floor. Winsford moves to dismiss count II pursuant to Federal Rule of Civil Procedure 12(b)(6).

A product liability action asserting a claim premised on negligence falls within the framework of common-law negligence. *Calles v. Scripto-Tokai Corp.*, 864 N.E.2d 249, 263 (Ill. 2007). Plaintiff must establish the existence of a duty of care owed by the defendant, a breach of that duty, and an injury that was proximately caused by the breach. *Id.* Actions for negligent design (*Blue v. Environmental Engineering, Inc.*, 828 N.E.2d 1128 (Ill. 2005)) and negligent

3

manufacture (*Elam v. Lincoln Elec. Co.*, 841 N.E.2d 1037 (Ill. App. Ct. 2005)) have been recognized by the Illinois courts. In its complaint, Marriott alleges that Winsford negligently designed, manufactured, sold, or otherwise distributed the dance floor on which Plaintiff allegedly was injured. Marriott further alleged that Winsford owed a duty of reasonable care in its design, manufacture, sale, and distribution of such dance floors. This is all that Marriott must plead to sustain its complaint.[1] Accordingly, Winsford's motion to dismiss count II of the Third-party Complaint is denied.

## IV. CONCLUSION

For the foregoing reasons, Winsford's motion to dismiss counts I and III of the Third-party Complaint is granted. Winsford's motion to dismiss count II of the Third-party Complaint is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 23, 2010

---

[1] Winsford notes that an affidavit prepared for a future motion indicates that Winsford "at most sold the dance floor to Marriott's purchasing group." Although Winsford argues that Marriott has failed to state a cause of action because a seller cannot be held liable for negligence in a products liability case, for purposes of this motion, I must take all facts alleged in Third-party Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of Marriott. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992).

4