**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CAROLYN BURTON and GERRY BURTON, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>RENAISSANCE HOTEL MANAGEMENT CO., LLC, )<br>)<br>_____ )<br>)<br>RENAISSANCE HOTEL MANAGEMENT CO., LLC, )<br>)<br>Third-Party Plaintiff, )<br>)<br>vs. )<br>)<br>WINSFORD CORPORATION d/b/a FORBES INDUSTRIES )<br>And GRUPO ACME, )<br>)<br>Third-Party Defendants. )<br>) | Court No. 1:09-CV-1100 |

**THIRD-PARTY DEFENDANT WINSFORD CORPORATION d/b/a FORBES
INDUSTRIES, INC.'S  REPLY TO RENAISSANCE'S RESPONSE TO
WINSFORD'S MOTION TO DISMISS COUNTS I AND II
OF RENAISSANCE'S THIRD-PARTY COMPLAINT**

NOW COMES Third-Party Defendant, WINSFORD CORPORATION d/b/a FORBES INDUSTRIES (herein after referred to as "Winsford"), by its attorneys, Rebecca J. Hanson, and KOPKA, PINKUS, DOLIN & EADS, LLC, and for its reply to the response filed by Third-Plaintiff, RENAISSANCE HOTEL MANAGEMENT CO., LLC, (herein "Renaissance"), to Winsford's Motion to Dismiss Counts I and II of the Third-Party Complaint (herein the "Motion") filed by Renaissance, states the following:

Winsford filed a Motion to Dismiss Counts 1 and II of Renaissance's Third-Party Complaint pursuant to 735 ILCS 5/2-621 for Renaissance's failure to exercise due diligence in

obtaining service of Grupo Acme, the manufacturer of the dance floor at issue in the Plaintiffs' Complaint. Accordingly, Winsford herein replies to each of Renaissance's arguments.

### A. The Statute Applies to Negligence Actions

Renaissance's first argument in its Response is that the Statute does not apply to negligence actions and "only to those product liability actions based in whole or in part on the doctrine of strict liability in tort." Resp. p. 2. Ignoring the fact that the statute plainly states, "in any production liability action based on any theory or doctrine . . . The commencement of a product liability action based on any theory or doctrine…," id. (emphasis added), and ignoring the fact that the words "strict liability" do not appear anywhere in the Statute, the Northern District of Illinois has held that the amendment to the Statute in 1995 indicated the intent of legislature to extend coverage of this section beyond strict liability actions, so that it would apply to complaints alleging negligence. Ungaro v. Rosalco, Inc., 948 F. Supp. 783, 786 (N.D. Ill. 1996).

This Court further held, "the phrase 'based on any theory or doctrine' seems more explicit in its scope -- that is, it extends to all actions arising out allegedly defective products, whatever the theory, and including those predicated on a negligence theory of liability. Moreover, when the Illinois legislature last revised the statute in 1995, it used the current language -- referring to "any product liability action based on any theory or doctrine" -- to replace "any product liability action based in whole or in part on the doctrine of strict liability in tort." ... This amendment clearly indicates the intent of the legislature to extend the coverage of the statute beyond strict liability actions. Therefore, the statute applies to [the negligence count], alleging negligence." Id.

2

Thus, to the extent Renaissance argues that the Statute is not applicable to negligence actions, e.g. Count I of its Third-Party Complaint, it is incorrect. Count I is subject to dismissal under the Statute.

### B. The Statute's Requirements for Dismissal Have Been Met.

Renaissance argued that Winsford did not show that Grupo Acme was required to have answered or otherwise pleaded. Resp. p. 3. Renaissance is correct—Winsford did not "show" this because Winsford never argued Grupo Acme was required to have answered or otherwise pleaded. Winsford's Motion is based on Renaissance's lack of due diligence in obtaining service over Grupo Acme. Renaissance also argues that the Statute does not apply unless Grupo Acme has answered or otherwise pleaded, or is required to have answered or otherwise pleaded. Resp. p. 3. Renaissance is, again, incorrect. The Statute does not require those prerequisites; it is possible to prevail under the Statute as a non-manufacturer defendant if the Plaintiff has not exercised due diligence in obtaining jurisdiction over the manufacturer.

Common sense dictates that the "due diligence" purpose of the Statute is wholly defeated if a nonmanufacturing defendant can identify the correct manufacturer, then allow the plaintiff to make feeble attempts to serve the manufacturer, only to then claim that the nonmanufacturing defendant is stuck in the lawsuit until the correct manufacturer is required to have answered or otherwise pleaded. "The statute should be construed liberally to provide a nonmanufacturing defendant, who is without personal fault, with a means to escape expensive litigation and obtain a dismissal at whatever point that the manufacturer becomes know to plaintiff." Cherry v. Siemans Medical Sys., 206 Ill. App. 3d 1055, 1063 (1 Dist. 1990).

Therefore, to the extent that Renaissance claims that it is shielded from having its counts against Renaissance dismissed because Grupo Acme is not yet required to have answered or otherwise pleaded, that is incorrect.

**C. Renaissance has not shown diligence in its efforts to serve Grupo Acme.**

First, Renaissance states that Winsford argued the Third-Party Complaint should be dismissed because Renaissance and Marriott have not been diligent in obtaining jurisdiction over Grupo Acme. Resp. p. 3. This is correct: Winsford argued that Renaissance *and* Marriott have failed to exercise due diligence. The reason Marriott's dismissal is irrelevant for purposes of the Motion, is because in open court on the day Marriott was dismissed, counsel for Winsford specifically asked counsel for Renaissance (who was also counsel for Marriott) if it was going to continue to pick up where Marriott had left off in its efforts to obtain jurisdiction. Renaissance/Marriott's counsel agreed that it would.

Winsford identified Grupo Acme as the correct manufacturer on September 3, 2010, when it identified Grupo Acme in its Answer. Marriott was not dismissed until February 1, 2011. For three months, Marriott made no attempt to obtain service on Grupo Acme, until December 2, 2010. Therefore, as Renaissance/Marriott's counsel agreed in open court to continue Marriott's efforts (or lack thereof), Renaissance is accountable for the delay in trying to obtain jurisdiction. Grupo Acme has been known to be the manufacturer to counsel for Marriott/Renaissance for nearly nine months now.

Second, Renaissance claims FRCP 4(m), requiring service be made within 120 days after the filing of a complaint, does not apply in the current situation because "subdivision (m) does not apply to service in a foreign country[.]" Although the 120 day limitation of Rule 4(m) does not apply to the service of process on a corporation in a foreign country, "this does not mean that

4

plaintiff's have unlimited time to serve." Pabst Licensing GmbH and Co. KG v. Sunonwealth Electric Machine Ind., Co., 332 F. Supp. 2d 1142, 1151 (N.D. Ill. 2004) citing Travlers Tool Co. v. Southern Overseas Express Line, Inc., 2000 U.S. Dist. LEXIS 1582, No. 98 CV 8464(RO), 2000 WL 194781, at *1 (S.D.N.Y. Feb. 17, 2000); see also In re Crysen/ Montenay Energy Co., 166 B.R. 546, 553 (S.D.N.Y. 1994) ("The mere fact that Congress exempted foreign service from the 120-day requirement[] does not give litigants an unlimited time in which to complete service."). "Rather, where service is in a foreign country, the Court uses a flexible due diligence standard to determine whether service of process was timely." Pabst Licensing GmbH and Co. KG, Co., 332 F. Supp. 2d at 1151, citing Standard Commercial Tobacco Co. v. Mediterranean Shipping Co.,1995 U.S. Dist. LEXIS 18877, No. 94 CIV 7040, 1995 WL 753901, at *1 (S.D.N.Y. Dec. 19, 1995). The "flexible due diligence" standard is measured by the reasonableness of the plaintiff's effort as well as the prejudice to the defendant from any delay." Pabst Licensing GmbH and Co. KG, Co., 332 F. Supp. 2d at 1151, citing James v. Rutil (S.R.L.), 1997 U.S. Dist. LEXIS 4029, No. IP 95-530-C-B/S, 1997 WL 151174 (S.D. In. Mar. 14, 1997).

Renaissance also argues that the 120 day limit has not run, regardless of service. Again, counsel for Renaissance agreed in open court that it would continue where Marriott left off in efforts to obtain service on Grupo Acme. Seeing as counsel for Marriott and Renaissance are the same, and the attempts at service on Grupo Acme (along with the documents) are substantively the same, the entire point of having counsel agree to pick up Marriott's efforts was to avoid an intentional delay in obtaining service. Regardless, the 120 day limit, which occurs June 1, is imminent. The next hearing in this matter is set for July 7. The Motion is still valid and the issue is not moot. If Renaissance has obtained service on Grupo Acme, Winsford is happy to withdraw the Motion and allow Grupo Acme its statutory time to answer or otherwise plead,

before re-filing a motion to dismiss, if necessary. However, if Grupo Acme has not been served, as the lack of proof of service would indicate, then the Motion is ripe. Moreover, although not an efficient use of judicial resources, the Motion can be entered and continued for a week, if necessary, or re-filed as of June 2.

Finally, Renaissance argues that it has been diligent in its attempt to serve Grupo Acme. Whereas earlier in its Response, Renaissance denies any responsibility regarding Marriott's prior diligence efforts (in relation to having Marriott's timeline count against Renaissance), Renaissance now seeks to rely on Marriott's singular effort to demonstrate its own diligence. To date, the entire efforts of either Marriott or Renaissance consist of two events: having a translated version of the Third-Party Complaint sent to Grupo Acme's headquarters in December 2010, and in February 2011, retaining a service company in Minnesota to effectuate service (APS International). See Response. There is no indication that Renaissance has followed up with APS International to check on its progress. Additionally, the State Department website that Renaissance identified in its Response states, **"**Neither the Convention nor the Additional Protocol expressly provide for service by mail. Litigants should consult local counsel to determine if mail or other methods of service are available, and what effect the use of alternative methods might have on later efforts to have a U.S. judgment locally enforced." See State Department website, http://travel.state.gov/law/judicial/judicial_5219.html. Renaissance has not made any demonstrated efforts to consult local counsel to determine if other methods of service are available.

## Conclusion

This is a products liability lawsuit for an allegedly defective dance floor. Winsford has repeatedly pled and demonstrated that it was not the manufacturer, designer or distributor. It

merely sold the dance floor from Grupo Acme to a buyer for Renaissance. Renaissance should not be held liable when the correct manufacturer is identified and still in corporate existence.

WHEREFORE, Third-Party Defendant, Winsford, requests an order of dismissal be entered in Winsford's favor on Counts I and II of Renaissance's Third-Party Complaint pursuant to 735 ILCS 5/2-621(b).

                Respectfully submitted,

                WINSFORD CORPORATION d/b/a FORBES INDUSTRIES,

                By: *s/Rebecca J. Hanson*
                      Rebecca J. Hanson

Rebecca J. Hanson (6280296)
KOPKA, PINKUS, DOLIN & EADS, LLC
200 North LaSalle Street, Suite 2850
Chicago, IL 60601
(312) 782-9920